A05A0718. SHELNUTT et al. v. GEORGIA DEPARTMENT OF TRANSPORTATION.

(611 SE2d 762)

ANDREWS, Presiding Judge.

After Michael and Terri Shelnutt were injured in a traffic accident, they sued the Department of Transportation (DOT) and another motorist, claiming that the motorist was driving too fast and the DOT was negligent for failing to correct unsafe conditions at the site of the accident. The DOT moved to dismiss the suit because the Shelnutts failed to comply with the ante litem notice requirements of the Georgia Tort Claims Act. The trial court granted the motion and this appeal followed. We find no error and affirm.

The Legislature enacted the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., in order to balance strict application of the doctrine of sovereign immunity against the need for limited exposure of the State treasury to tort liability. *Norris v. Dept. of Transp.*, 268 Ga. 192 (486 SE2d 826) (1997). The GTCA expressly provides that the State shall only be liable within the limitations of the Act, OCGA § 50-21-21 (a), which includes the ante litem notice requirements in OCGA § 50-21-26. *Norris*, supra.

*Ga. Ports Auth. v. Harris*, 274 Ga. 146, 149 (549 SE2d 95) (2001). OCGA § 50-21-26 provides:

(a) No person, firm, or corporation having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim as follows:

(1) Notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered; provided, however, for tort claims and causes of action which accrued between January 1, 1991, and July 1, 1992, notice of claim shall be given in writing within 12 months after July 1, 1992;

(2) Notice of a claim shall be given in writing and shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim. Each state government entity may designate an office or officer within that state government entity to whom a notice of claim is to be delivered or mailed;

(3) No action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection. . . .

Strict compliance with the provisions of OCGA § 50-21-26 is required. See, e.g., *Kim v. Dept. of Transp.*, 235 Ga. App. 480, 481 (510 SE2d 50) (1998).

In this case, the Shelnutts did not deliver notice to the Risk Management Division of the Department of Administrative Services (DOAS). Instead, they sent the ante litem notice to the Commissioner of DOAS. Therefore, they did not strictly comply with the notice requirements under the Act.

Nevertheless, the Shelnutts argue that when the Department of Risk Management has in fact received the notice, "strict compliance with delivery of that notice is not required." This argument has been expressly rejected by this Court. See *Dempsey v. Bd. of Regents &c.*, 256 Ga. App. 291, 293 (568 SE2d 154) (2002).

The Shelnutts cite to *Ga. Ports Auth. v. Harris*, 243 Ga. App. 508 (533 SE2d 404) (2000), in support of their argument, but any language in *Harris* stating that strict compliance is not necessary, has been disapproved. The Supreme Court of Georgia granted certiorari in that case and held:

It is the public policy of this State, as expressly declared by the Legislature, that the State shall only be liable in tort actions within the limitations of the GTCA and in accordance with the fair and uniform principles established therein. OCGA § 50-21-21 (a). Accordingly, we disapprove the language in the Court of Appeals' opinion intimating that potential claimants may waive the express statutory requirement that a receipt be obtained for personally delivered ante litem notices and reaffirm that the GTCA must be strictly construed.

*Ga. Ports Auth. v. Harris*, 274 Ga. at 150.

Likewise, *Doe #102 v. Dept. of Corrections*, 268 Ga. 582 (492 SE2d 516) (1997), also cited by appellants, is not helpful. The issue in that case was whether notice was timely sent to the Department of Administrative Services, and there is no claim or discussion as to whether it was sent to the proper division. See id. at 584.

Accordingly, because the Shelnutts did not strictly comply with the statutory provisions for sending ante litem notice, the trial court had no subject matter jurisdiction over the suit. OCGA § 50-21-26 (a) (3); *Dempsey*, supra at 292, 294. Therefore, the court did not err in granting the Department of Transportation's motion to dismiss.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MARCH 10, 2005.

*G. Larry Bonner*, for appellants.

*Thurbert E. Baker, Attorney General, Robert C. Edwards, Assistant Attorney General*, for appellee.