A05A2138. WELCH et al. v. GEORGIA DEPARTMENT OF TRANSPORTATION.
(624 SE2d 177)

BLACKBURN, Presiding Judge.

Following the dismissal of their personal injury claim against the Georgia Department of Transportation ("DOT"), James and Esther Welch appeal, contending that the trial court erred in holding that they did not properly provide ante litem notice under OCGA § 50-21-26. Specifically, the Welches claim that they complied with the ante litem notice requirements because their notice was timely received by the proper State authorities. We disagree and affirm.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (Punctuation omitted.) *Johnson v. E. A. Mann & Co.*[1] The record shows that after being injured in an automobile collision with a vehicle owned and operated by DOT, the Welches sent via certified mail and Federal Express an ante litem notice letter to the Commissioner of the Georgia Department of Administrative Services ("DOAS") and to the Commissioner of DOT. The Welches later received a fax from the Risk Management Division of the DOAS, acknowledging receipt of the Welches' ante litem notice letter.

After the Welches sued DOT pursuant to the Georgia Tort Claims Act, the trial court granted DOT's motion to dismiss on the ground that the Welches had not complied with the ante litem notice provisions of the Act, OCGA § 50-21-26 (a) (2), in that they did not send their DOAS notice to the proper recipient, and the court therefore lacked subject matter jurisdiction. The Welches filed this appeal, contending that they satisfied the notice requirement, because their ante litem notice was eventually received by the proper division of DOAS. We disagree.

The Georgia Tort Claims Act provides a limited waiver of the State of Georgia's sovereign immunity in certain cases where a claimant complies with the Act's requirements. OCGA § 50-21-21 (a). The ante litem notice provisions of the Act, OCGA § 50-21-26, provide in relevant part:

---

[1] *Johnson v. E. A. Mann & Co.*, 273 Ga. App. 716, 720 (2) (616 SE2d 98) (2005).

(a) No person, firm, or corporation having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim as follows: . . .

(2) Notice of a claim shall be given in writing and shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim. . . .

(3) No action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection.

Here, the Welches did not send their ante litem notice to the Risk Management Division of DOAS, as the Act requires; instead, they sent it to the Commissioner of DOAS. "The GTCA, by its own terms, must be strictly construed. Substantial compliance with the ante litem notice requirement is inadequate under the Act. Strict compliance with OCGA § 50-21-26 (a) is required." (Punctuation omitted.) *Williams v. Ga. Dept. of Transp.*[2] Therefore, by the plain language of OCGA § 50-21-26 (a) (2), they did not strictly comply with the notice requirements of the Act.

The Welches argue that they complied with the ante litem notice requirement because their notice was apparently "delivered personally" by an unknown DOAS employee from the Commissioner's office to the Risk Management Division, which subsequently sent the Welches a receipt. However, *Shelnutt v. Ga. Dept. of Transp.*,[3] under similar facts, held that ultimate timely receipt of the notice by the Risk Management Division did not obviate the requirement to strictly comply with the ante litem notice provisions of the Act. Accordingly, "because the [Welches] did not strictly comply with the statutory provisions for sending ante litem notice, the trial court had no subject matter jurisdiction over the suit." Id. at 111.

*Judgment affirmed. Miller and Adams, JJ., concur.*

---

[2] *Williams v. Ga. Dept. of Transp.*, 275 Ga. App. 88, 90 (1) (619 SE2d 763) (2005).
[3] *Shelnutt v. Ga. Dept. of Transp.*, 272 Ga. App. 109, 110 (611 SE2d 762) (2005).

DECIDED NOVEMBER 15, 2005 —
RECONSIDERATION DENIED DECEMBER 5, 2005 — 

*Paul R. Bennett*, for appellants.

*Thurbert E. Baker, Attorney General, Rebecca S. Adams, Assistant Attorney General*, for appellee.