## A07A0192. PERDUE v. ATHENS TECHNICAL COLLEGE.
### (641 SE2d 631)

PHIPPS, Judge.

Valerie Perdue filed a complaint for damages against Athens Technical College (ATC) pursuant to the Georgia Tort Claims Act (GTCA).[1] ATC moved to dismiss for lack of subject matter jurisdiction based on a deficiency in Perdue's ante litem notice. The trial court granted ATC's motion. Perdue appeals. We find no error and affirm.

OCGA § 50-21-21 (a) declares it "to be the public policy of this state that the state shall only be liable in tort actions within the limitations of [the GTCA] and in accordance with the fair and uniform principles established in [the GTCA]."[2] "One such limitation . . . is contained in OCGA § 50-21-26 (a), which prescribes that a tort claim may not be brought against the state 'without first giving notice of the claim.' "[3] OCGA § 50-21-26 (a) "specifies a detailed procedure for notifying the state of a claim before filing a lawsuit against it."[4]

"Subsection (a) (1) requires that '(n)otice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered. . . .' "[5] Subsection (a) (2) requires that notice of the claim be "mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from" the Risk Management Division (RMD) of the Department of Administrative Services (DOAS), and that a copy be delivered personally to or mailed by first-class mail to the responsible state government entity.[6]

Under subsection (a) (4), any complaint filed pursuant to the GTCA must have a copy of the notice of claim presented to the DOAS, together with the certified mail or statutory overnight delivery receipt or receipt for other delivery attached as exhibits.[7] Subsection

---

[1] OCGA § 50-21-20 et seq.

[2] See *Norris v. Dept. of Transp.*, 268 Ga. 192 (486 SE2d 826) (1997).

[3] Id.

[4] *Williams v. Ga. Dept. of Human Resources*, 272 Ga. 624, 625 (532 SE2d 401) (2000) (footnote omitted).

[5] *Norris*, supra.

[6] See *Howard v. State of Ga.*, 226 Ga. App. 543, 543-544 (1) (487 SE2d 112) (1997).

[7] See *Baskin v. Ga. Dept. of Corrections*, 272 Ga. App. 355, 357 (2) (612 SE2d 565) (2005).

(a) (4) further commands that "[i]f failure to attach such exhibits . . . is not cured within 30 days after the state raises such issue by motion, then the complaint shall be dismissed without prejudice."[8]

Subsection (a) (5) sets out the information which the notice of claim "shall state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances."[9] Specifically, subsection (a) (5) requires the notice to state the following:

> (A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) The nature of the loss suffered; (E) The amount of the loss claimed; and (F) The acts or omissions which caused the loss.

"The purpose of these requirements is to ensure that the state receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit."[10]

In addition, subsection (a) (3) provides that no action against the state shall be commenced under the GTCA and the courts shall have no jurisdiction thereof unless and until the required written notice of claim has been timely presented to the state.[11] "The GTCA, 'by its own terms, must be strictly construed.' "[12] Strict compliance with the ante litem notice requirement of the GTCA is thus required, and substantial compliance is inadequate.[13]

In Perdue's complaint, filed on July 26, 2005, she charged ATC with negligence in causing her to fall and fracture her left femur while attending commencement exercises for her granddaughter in the college's main auditorium on September 3, 2004. After sustaining her injury, Perdue was treated in a hospital, discharged, and then admitted to a nursing home for rehabilitation. By letter dated September 28, 2004, Perdue's attorney notified ATC's Vice President of Administrative Services Catherine Thomas of the incident, of the fact that Perdue was convalescing in a nursing home, and of Perdue's claim for damages based on ATC's negligence. In the letter, counsel advised Thomas that he would forward Perdue's medical records and invoices to her as soon as he obtained them. On October 25, 2004,

---

[8] See *Camp v. Coweta County*, 280 Ga. 199, 202 (2), n. 5 (625 SE2d 759) (2006).

[9] *Ga. Dept. of Juvenile Justice v. Cummings*, 281 Ga. App. 897 (637 SE2d 441) (2006).

[10] *Williams*, supra (footnote omitted).

[11] *Howard*, supra, 226 Ga. App. at 544.

[12] *Dempsey v. Bd. of Regents &c. of Ga.*, 256 Ga. App. 291, 293 (568 SE2d 154) (2002) (citations omitted).

[13] E.g., *Johnson v. E. A. Mann & Co.*, 273 Ga. App. 716, 720 (616 SE2d 98) (2005).

Perdue was discharged from the nursing home and, after receiving outpatient physical therapy, fully recovered.

By letter dated March 22, 2005, Peggy Childs of the RMD of the DOAS acknowledged receipt of counsel's letter of representation of Perdue for losses arising from the September 3, 2004 incident and asked him to forward her medical records and bills for review. Under cover of letter dated March 31, 2005, counsel provided Childs with the requested documents. In that letter, counsel also related that Perdue's medical bills resulting from the injury totaled $23,586.01, and he made a demand for settlement in the amount of $50,000. By letter dated May 18, 2005, Linda Barnes of the RMD of the DOAS informed counsel that after investigation and review, it had been determined that ATC had not been negligent in the matter and that Perdue's claim was being denied. At counsel's request, however, Barnes conducted another review. By e-mail dated June 3, 2005, Barnes informed counsel that the DOAS still did not find any negligence by ATC. As a result, Barnes stated in the e-mail that the DOAS could not "justify paying as much as the $10,000" he had suggested but "in the spirit of compromise" offered Perdue $1,750 to cover her out-of-pocket expenses.

On June 8, 2005, Perdue through counsel provided ante litem notice to the RMD of the DOAS in a certified letter to Barnes. That letter, attached as an exhibit to Perdue's complaint pursuant to OCGA § 50-21-26 (a) (4), set forth the name of the responsible state government entity, the time and place of the occurrence, the nature of the loss, and the acts or omissions alleged to have caused the loss, as required by OCGA § 50-21-26 (a) (5) (A), (B), (C), (D), and (F), respectively. Additionally, however, the letter stated only that Perdue was seeking compensation for her economic and noneconomic losses. It did not set forth "[t]he amount of the loss claimed," as required by subsection (a) (5) (E). The question presented is whether that omission was fatal. Resolution of the question requires an examination of the following cases.

The plaintiff in *Howard v. State of Ga.*[14] sued a state instrumentality, Lake Lanier Islands, after providing ante litem notice to Lake Lanier's insurance agent, rather than to the RMD of the DOAS and to Lake Lanier itself. We found this notice "obviously deficient," noting that the "clearly stated directives" of OCGA § 50-21-26 (a) (2) could not be "more specific" and cautioning that "[t]he explicit ante litem notice provision of the [GTCA] is ignored only at peril to a plaintiff's cause of action."[15]

---

[14] Supra.
[15] Id. at 544-545.

In *Dempsey v. Bd. of Regents*,[16] the RMD of the DOAS was given notice of plaintiff's tort claim through a letter sent by an official employed by the responsible state agency. That letter did not fulfill the GTCA's notice requirements because it was not based on the claimant's knowledge and belief, and it was not sent via certified mail nor delivered personally to the DOAS representative with a copy to the state agency. Thus, the fact that the requisite state agency had actual notice was irrelevant. The ante litem notice in *Shelnutt v. Ga. Dept. of Transp.*[17] was held deficient where it was sent to the Commissioner of the DOAS rather than to the RMD even if the RMD in fact received the notice. In *Baskin v. Ga. Dept. of Corrections*,[18] we held that compliance with the notice requirements of the GTCA by delivering notice via express mail rather than certified mail is inadequate. The plaintiffs' ante litem notice was found deficient in *Welch v. Ga. Dept. of Transp.*,[19] where it was sent via certified mail to the Commissioner of the DOAS rather than to the RMD even if the notice was timely forwarded to the RMD. The ante litem notices provided in the above cases were found deficient because strict rather than substantial compliance is required.

The strict compliance requirement does not, however, take precedence over the plain language or meaning of the statute. Thus, in *Norris*,[20] where the ante litem notice was properly mailed to the RMD of the DOAS within the required 12-month period but received afterward, our Supreme Court found the notice adequate because OCGA § 50-21-26 (a) (1) allows the ante litem notice to be given by mail as well as by personal delivery and does not — unlike federal regulations promulgated under the federal Tort Claims Act — provide that notice by mailing shall be effective only upon receipt. And in *Camp v. Coweta County*,[21] our Supreme Court, examining the plain language of OCGA § 50-21-35, found that it attaches no time limit to the requirement that the plaintiff mail a copy of the complaint to the Attorney General and attach a certification of compliance to the complaint.[22] The Court thus held that the plaintiff's failure to comply with these requirements at the time the complaint is initially filed is not necessarily fatal.

---

[16] Supra.

[17] 272 Ga. App. 109 (611 SE2d 762) (2005).

[18] Supra.

[19] 276 Ga. App. 664 (624 SE2d 177) (2005).

[20] Supra.

[21] Supra.

[22] 280 Ga. at 200-203 (1), (2), (3).

In *Ga. Dept. of Juvenile Justice v. Cummings*,[23] we recently recognized that OCGA § 50-21-26 (a) (5) requires a notice of claim to state the categories of information specified in parts (A) through (E) only "to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances." The plaintiff in *Cummings* drove a car that collided with a van operated by an employee of the Georgia Department of Juvenile Justice (DJJ) and owned by the DJJ. Although the van did not bear any decals or other insignia identifying it as property of the DJJ, the accident report provided information through which the plaintiff could have determined that the van was owned by, and being operated by an employee of, the DJJ. We, therefore, held that plaintiff's failure to provide timely ante litem notice to the DJJ was fatal to her complaint.

The ante litem notice provided by Perdue in her June 8 letter to the DOAS clearly did not state "[t]he amount of the loss claimed," as required by OCGA § 50-21-26 (a) (5) (E). Perdue claims that she nonetheless complied with the ante litem notice requirement by having made a $50,000 settlement demand in her March 31 letter to the DOAS. Although this case does bear some similarity to *Norris* and *Camp*, in that nothing in the plain language of OCGA § 50-21-26 requires the ante litem notice to be provided in one document, the March 31 letter was not sent by certified mail as required by subsection (a) (2). Therefore, under cases such as *Dempsey*, *Baskin*, and *Welch*, Perdue's March 31 letter cannot be considered part of her GTCA ante litem notice. Moreover, it appears from the record that by the time Perdue sent the June 8 letter, she had modified her $50,000 demand downward to $10,000.

Perdue also argues that it was not practicable for her to quantify her monetary demand, because she was seeking damages for non-economic as well as economic loss; and the only measure of damages for noneconomic loss, i.e., pain and suffering, is the enlightened conscience of the jury. We find no merit in this argument. To facilitate settlement of a claim before a lawsuit is filed, subsection (a) (5) (E) requires the ante litem notice to state the amount of the loss "claimed." As shown by the fact that Perdue made a settlement demand in a specific amount, i.e., $50,000, in her March 31 letter, she certainly could have specified in the June 8 letter the amount of damages she claimed her pain and suffering had caused her. This is especially true where, as here, the claimant had fully recovered from her injuries and was seeking damages for only past pain and suffering.

---

[23] Supra.

For these reasons, the trial court did not err in finding that Perdue's ante litem notice, like that of the plaintiff in *Cummings*, was deficient and in granting ATC's motion to dismiss.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 1, 2007.

*Douglas L. Henry*, for appellant.

*Thurbert E. Baker, Attorney General, J. David Stubins, Assistant Attorney General*, for appellee.