A07A0414. STATE OF GEORGIA v. HAYNES.
(647 SE2d 331)

ANDREWS, Presiding Judge.

Pursuant to our grant of an interlocutory appeal, the State of Georgia appeals from the trial court's partial denial of its motion to dismiss the complaint of Julius Haynes for failing to comply with the ante litem notice provisions of the Georgia Tort Claims Act, OCGA § 50-21-26 (a).

Haynes claimed to have been injured on July 2, 2002, at the Georgia Department of Motor Vehicle Safety office in Augusta. Pursuant to Haynes' request, Pamela Fowler, the Secretary of the Claims Advisory Board (CAB) in Atlanta, by letter of July 19, 2002, sent a form titled "Official Notice of Claim Against the State of Georgia," along with a copy of the CAB's Rules and Regulations. The form states that it is only for claims of $5,000 or less. By letter of January 17, 2003, Fowler of CAB sent Haynes a letter acknowledging receipt of his Official Notice of Claim Against the State and requesting further information. On May 19, 2003, Fowler of CAB advised Haynes' attorney by letter that the supporting evidence for his claim had been submitted to the CAB.

---

Cathy Cox, Secretary of State and Chairperson of the CAB, notified Haynes by letter of June 30, 2004, that his claim against the Department of Motor Vehicle Safety had been rejected.

Suit was filed against the State and Richmond County[1] on June 30, 2004, seeking over $20,000 in damages. The complaint alleges that Haynes notified the State and attaches as Exhibit A the letter from CAB of January 17, 2003, acknowledging receipt of the claim. On July 13, 2004, the summons and complaint in this action were served upon the Department of Motor Vehicle Safety and a file stamped copy of the pleadings was sent by certified mail to the Attorney General. Process was served on the Department of Administrative Services (DOAS) on July 18, 2004.

By special appearance answer, the State raised failure to give the ante litem notice as a defense and later filed its motion to dismiss the complaint for lack of subject matter jurisdiction based on the lack of ante litem notice. Thereafter, Haynes' counsel filed an amended complaint which attached as his claimed notice to the State the Notice of Claim Against the State of Georgia which had been sent to the CAB.

Following a hearing, the trial court granted the motion to dismiss of the State for all damages claimed over $5,000, but denied it for damages of $5,000 or less, apparently treating Haynes' claim filed with the CAB as the ante litem notice required by OCGA § 50-21-26.

We agree with the State that a claim filed with the CAB in no way complies with the ante litem requirements of the Georgia Tort Claims Act, OCGA § 50-21-20 et seq. First, Haynes' claim to the CAB was made under a separate statutory scheme set up under Article 4 of Title 28 dealing with the financial affairs of the General Assembly. OCGA § 28-5-60 et seq.

As explained in *Trice v. Wilson*, 113 Ga. App. 715, 719 (1) (149 SE2d 530) (1966):

> The State of Georgia has never renounced its sovereign immunity from liability for the negligent or other tortious acts or conduct of its officers, agents or employees, and has not consented to be sued therefor. *Roberts v. Barwick*, 187 Ga. 691 (1 SE2d 713) [(1939)]; *National Dist. Co. v. Oxford*, 103 Ga. App. 72 (118 SE2d 274) [(1961)]. The injured party must look to the legislature and not the courts (*Georgia Military Institute v. Simpson*, 31 Ga. 273, 277 [(1860)]), the payment of compensation to persons so injured being purely a matter of legislative grace based upon a strong moral

---

[1] The property was owned by the County and leased to the State.

obligation and equitable duty and not upon the assumption of legal liability. 172 ALR 1407. The State in recognition of its responsibilities in this regard has created a Claims Advisory Board (Ga. L. 1963, p. 624; [OCGA § 28-5-60 et seq.]), the function of which is to receive notice of claims against the State, investigate them, hold hearings if necessary, and prepare statements of its findings, its determination of the merits of such claims and its recommendation as to the payment of the same for transmittal to the legislature of this State. The law specifically provides, however, that the recommendations of this board shall be advisory only and are not binding in any way on the legislature in whose absolute discretion and good faith the ultimate determination of a claim rests.

"In 1993, the legislature enacted the Georgia Tort Claims Act, OCGA § 50-21-20 et seq.," in order "to balance strict application of the doctrine of sovereign immunity . . . against the need for limited exposure of the [S]tate treasury to tort liability." (Punctuation omitted.) *Norris v. Dept. of Transp.*, 268 Ga. 192 (486 SE2d 826) (1997). It has repeatedly held that this Act will be strictly construed and strict compliance with its ante litem notice requirement is mandatory. E.g., *Ga. Ports Auth. v. Harris*, 274 Ga. 146, 150 (549 SE2d 95) (2001); *Perdue v. Athens Technical College*, 283 Ga. App. 404, 405 (641 SE2d 631) (2007); *Ga. Dept. of Juvenile Justice v. Cummings*, 281 Ga. App. 897, 902 (637 SE2d 441) (2006); *Shelnutt v. Ga. Dept. of Transp.*, 272 Ga. App. 109, 110 (611 SE2d 762) (2005).

OCGA § 50-21-26 (a) prescribes that a tort claim may not be brought against the State without first giving notice of the claim and a detailed procedure for notifying the State of a claim before filing a lawsuit against it is specified. Subsection (a) (1) requires that "[n]otice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered. . . ." Subsection (a) (2) requires that notice of the claim be "mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services," and that a copy be delivered personally to or mailed by first-class mail to the responsible State government entity. Under subsection (a) (4), any complaint filed pursuant to the GTCA must have a copy of the notice of claim presented to the DOAS, "together with the certified mail or statutory overnight delivery receipt or receipt for other delivery attached as exhibits." Subsection (a) (4) further commands that "[i]f failure to attach such exhibits . . . is not cured within 30 days

after the state raises such issue by motion, then the complaint shall be dismissed without prejudice."

Haynes, in response to the State's motion to dismiss, claimed that the State was estopped from claiming sovereign immunity and that such immunity was waived to the extent of $5,000 by OCGA § 28-5-85 (h). That section, however, only waives immunity regarding claims before the CAB, and Haynes' claim there was denied. Further, the government may not waive or be estopped from invoking statutory notice requirements. *Ga. Dept. of Juvenile Justice v. Cummings*, supra at 902. Here, prior to filing suit, no notice was given to the Risk Management Division of the DOAS or the Department of Motor Vehicle Safety.

Therefore, to the extent that the trial court denied the motion of the State to dismiss Haynes' claim of $5,000 or less, it erred.

*Judgment affirmed in part and reversed in part. Ellington and Adams, JJ., concur.*

DECIDED JUNE 1, 2007.

*Thurbert E. Baker, Attorney General, Jennifer L. Dalton, Assistant Attorney General*, for appellant.
*Gladys H. Pollard*, for appellee.