**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

September 6, 2012

# In the Court of Appeals of Georgia

A12A1090. DeFLORIA et al. v. WALKER.

DILLARD, Judge.

Lawrence Z. DeFloria and the Department of Corrections appeal the trial court's denial of a motion to dismiss Rufus Walker's claim for damages related to a traffic accident, contending that because Walker failed to comply with ante-litem-notice requirements, his claims are barred by sovereign immunity. For the reasons set forth *infra*, we vacate the trial court's order denying the motion and remand with direction.

Walker's complaint alleges that on September 29, 2009, while riding his motorcycle in Toombs County, he was struck by a Department of Corrections vehicle driven by DeFloria, resulting in severe injuries. Walker sought to recover damages, including $152,874.49 for medical bills, property damage, and expenses incurred as

a result of the accident. In the complaint, Walker asserted that an October 15, 2009 letter sent to Greg Shuford of the Department of Administrative Services served as a notice of claim pursuant to OCGA § 50-21-26, and that Shuford had thereafter exchanged correspondence regarding Walker's accident until June 2011, when Walker made an offer to settle the claim. Walker's offer was denied the following month, and he filed the complaint on September 29, 2011. Walker attached to his complaint copies of the October 15, 2009 letter and the correspondence that followed.

DeFloria and the Department of Corrections (collectively, "DOC") filed an answer and a motion to dismiss. In the motion to dismiss, DOC argued that Walker had failed to attach to his complaint a copy of the required documentation to show compliance with the ante-litem-notice provisions of OCGA § 50-21-26. More specifically, as to the October 15 letter, DOC alleged that the complaint failed to include "a copy of a receipt evidencing delivery of this letter to the Risk Management Division of the Department of Administrative Services . . . ." Thus, DOC argued that the complaint should be dismissed for lack of subject-matter jurisdiction.

2

The trial court summarily denied DOC's motion to dismiss without findings of fact or conclusions of law, and this appeal by DOC follows. We review the trial court's ruling on DOC's motion to dismiss under the *de novo* standard of review.[1]

On appeal, DOC argues that because Walker did not strictly comply with the notice provisions of OCGA § 50-21-26, his claim is barred by sovereign immunity and the trial court erred by denying the motion to dismiss. We agree.

OCGA § 50-21-26 provides, *inter alia*, that no person who has a tort claim against the state may bring an action against the state on that claim without first giving notice, which

> shall be given in writing and shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim.[2]

---

[1] *See Welch v. Ga. Dep't of Transp.*, 276 Ga. App. 664, 665 (624 SE2d 177) (2005) ("We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (punctuation omitted)).

[2] OCGA § 50-21-26 (a) (2).

Additionally, when a complaint is filed, it "must have a copy of the notice of claim presented to the Department of Administrative Services together with the certified mail or statutory overnight delivery receipt or receipt for other delivery attached as exhibits."[3] And if failure to attach such exhibits to the complaint is "not cured within 30 days after the state raises such issue by motion, then the complaint shall be dismissed without prejudice . . . ."[4]

Compliance with the foregoing requirements is "a condition precedent to the claimant's right to file suit against the [s]tate, and the courts lack jurisdiction to adjudicate any such claims against the [s]tate unless and until the written notice of claim has been timely presented to the state as provided in OCGA § 50-21-26 (a)."[5] And it is well established that strict compliance with the notice provisions is "a prerequisite to filing suit under the [Georgia Tort Claims Act], and substantial compliance therewith is insufficient."[6] Strict compliance is necessary because the

---

[3] OCGA § 50-21-26 (a) (4).

[4] *Id.*

[5] *Cummings v. Ga. Dep't of Juvenile Justice*, 282 Ga. 822, 824 (653 SE2d 729) (2007) (punctuation omitted); *see also* OCGA § 50-21-26 (a) (3).

[6] *Cummings*, 282 Ga. at 824; *see also Kim v. Dep't of Transp.*, 235 Ga. App. 480, 481 (2) (510 SE2d 50) (1998) ("By its own terms, the State Tort Claims Act

4

Georgia Tort Claims Act "represents a limited waiver of the [s]tate's sovereign immunity, crafted, as is constitutionally authorized, by our Legislature, and not subject to modification or abrogation by our courts."[7] Additionally, the state cannot "waive subject matter jurisdiction," which is established by law, "and there is nothing parties to a suit can do to give a court jurisdiction over a matter that has not been conferred by law."[8]

In the case *sub judice*, DOC argues that the trial court lacked subject-matter jurisdiction because Walker did not give notice of his claim as required by statute and also did not attach to his complaint a copy of the required notice and the receipt for its delivery to the Risk Management Division. Walker, on the other hand, contends

---

must be strictly construed.").

[7] *Ga. Dep't of Transp. v. Baldwin*, 292 Ga. App. 816, 825 (9) (665 SE2d 898) (2008). *See generally Alden v. Maine*, 527 U.S. 706, 713 (I), 715 (I) (B) (119 SCt 2240, 144 LEd2d 636) (1999) ("[A]s the [federal] Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . . The generation that designed and adopted our federal system considered immunity from private suits central to sovereign dignity. When the Constitution was ratified, it was well established in English law that the Crown could not be sued without consent in its own courts . . . .").

[8] *Dempsey v. Bd. of Regents of the Univ. System of Ga.*, 256 Ga. App. 291, 292 (568 SE2d 154) (2002) (punctuation omitted).

that his October 15 letter sufficed because the correspondence with the Department of Administrative Services employee served as acknowledgment of receipt.

Our review of the record shows that the October 15, 2009 letter was addressed to Greg Shuford, an adjustor for the Department of Administrative Services, and it referenced the September 29 accident and a specific claim number. Thereafter, Shuford and Walker's son-in-law, to whom Walker gave express authority to deal on his behalf, communicated via e-mail regarding Walker's prognosis and expenses. On December 17, 2009, Shuford offered $75,000.00 to compensate Walker for his injuries and to make direct payment to medical providers for accident-related charges.[9] Walker's representative rejected the offer within minutes.

In May 2010, Walker's representative informed Shuford that the family was working to "put together all bills related to the accident in order to come up with a number to base the claim on." On June 28, 2011, Walker's representative wrote a

---

[9] It appears from the correspondence that Shuford mailed a check to Walker in November 2009 to cover the repair and diminished value of Walker's motorcycle. We reject Walker's argument that this in any way waived sovereign immunity or estopped the State from invoking same because "a government official may not waive or be estopped from invoking statutory notice requirements." *Dempsey*, 256 Ga. App. at 293; *see also State v. Haynes*, 285 Ga. App. 637, 640 (647 SE2d 331) (2007) ("[T]he government may not waive or be estopped from invoking statutory notice requirements.").

letter to Shuford, seeking to "settle this case within the policy limits as stated in the Georgia Tort Claims Act." Walker demanded settlement in the amount of $458,623.47, with the demand to "remain open until the close of business on Friday, July 29, 2011." The letter warned that "[w]ith respect to the two year statute of limitations, if demand is not met by [the deadline], legal council [sic] will be sought."

On July 11, 2011, a new representative on behalf of the Department of Administrative Service's Risk Management Division responded to Walker's letter and noted that they were unable to "find where there has been compliance with the [ante litem] notice provisions as required" by the Georgia Tort Claims Act, and the claim was denied. Thereafter, Walker filed suit and the DOC moved to dismiss.

While we are sympathetic to Walker's plight, Georgia law makes abundantly clear the need for strict compliance with the requirements of OCGA § 50-21-26 (a).[10] In construing the notice requirements, the appellate courts of this state "have looked

---

[10] *See Welch*, 276 Ga. App. at 665 (holding that "because the [plaintiffs] did not strictly comply with the statutory provisions for sending ante litem notice, the trial court had no subject matter jurisdiction over the suit"); *Shelnutt v. Ga. Dep't of Transp.*, 272 Ga. App. 109, 110 (611 SE2d 762) (2005) (same); *see also Baskin v. Ga. Dep't of Corrs.*, 272 Ga. App. 355, 358 (2) (612 SE2d 565) (2005) (holding that dismissal was appropriate when plaintiff did not attach the required receipt from the Department of Administrative Services).

to the plain meaning of the statutory language."[11] And while the Supreme Court of Georgia has held that "the rule of strict compliance does not demand a hyper-technical construction that would not measurably advance the purposes of the GTCA's provisions,"[12] even in cases that arguably reflect some degree of leniency, the plaintiffs complied with the plain language of the ante-litem-notice provisions.[13] Indeed, in one such case, our Supreme Court explicitly reaffirmed "that the GTCA

---

[11] *Williams v. Ga. Dep't of Human Res.*, 272 Ga. 624, 625 (532 SE2d 401) (2000); *see also* ANTONIN SCALIA & BRYAN GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 69 (1st ed. 2012) ("The ordinary-meaning rule is the most fundamental semantic rule of interpretation.").

[12] *Cummings*, 282 Ga. at 824.

[13] *See id.* at 825-26 (plaintiff complied with statute when she named the agency she believed to be responsible at the time she served her initial notice); *Ga. Ports Auth. v. Harris*, 274 Ga. 146, 150 (2) (549 SE2d 95) (2001) (holding that delivery by Federal Express satisfied the personal delivery requirement of OCGA § 50-21-26 and that receipt requirement was satisfied when plaintiff obtained a copy of the Fed Ex-ed letter that was stamped as "received" by DOAS); *Norris v. Ga. Dep't of Transp.*, 268 Ga. 192, 193 (486 SE2d 826) (1997) (holding that plaintiff complied with plain language of the notice requirement when notice was mailed within statutory period although it was not received until after). *Cf. Camp v. Coweta County*, 280 Ga. 199, 201 (1) (625 SE2d 759) (2006) (construing the service of process and notice requirements of OCGA § 50-21-35). *See generally Perdue v. Athens Technical College*, 283 Ga. App. 404, 407 (641 SE2d 631) (2007) (discussing the Supreme Court's holdings in *Norris* and *Camp* in the context that "[t]he strict compliance requirement does not . . . take precedence over the plain language or meaning of the statute").

8

must be strictly construed."[14] Suffice it to say, substantial compliance is not strict

compliance.[15] Strict compliance is exactly what it sounds like: strict.[16] Thus, as we

have previously warned, "[t]he explicit ante litem notice provision is ignored only at

peril to a plaintiff's cause of action and serves as a condition precedent for bringing

suit under the Act."[17]

Here, it is clear that Walker did not strictly comply with the ante-litem-notice

requirements or the plain language of the statute[18] in that it is undisputed that the

---

[14] *Harris*, 274 Ga. at 150 (2).

[15] In his brief, Walker all but concedes that he failed to strictly comply with the ante-litem-notice provisions, noting that he "*sufficiently* complied with the requirements of OCGA 50-21-26." (Emphasis supplied). As our Supreme Court has rightly emphasized, "strict compliance with the notice provisions is a prerequisite to filing suit under the GTCA, and substantial compliance therewith is insufficient." *Cummings*, 282 Ga. at 824.

[16] THE COMPACT OXFORD ENGLISH DICTIONARY 1927 (2d ed. 1991) (defining "strict" as, *inter alia*, "exact, precise, not vague or loose").

[17] *Gambell v. Ga. Ports Auth.*, 276 Ga. App. 115, 116 (1) (622 SE2d 464) (2005) (punctuation omitted); *accord Howard v. State*, 226 Ga. App. 543, 546 (2) (487 SE2d 112) (1997).

[18] Walker's attempt to downplay the importance or need for strict compliance with the ante-litem-notice provisions of OCGA § 50-21-26 (a) (2) is unavailing, as is his misplaced reliance on *Savage v. E.R. Snell Contractor, Inc.*, 295 Ga. App. 319 (672 SE2d 1) (2008) and *Williams v. Department of Human Resources*, 272 Ga. 624 (532 SE2d 401) (2000) in doing so. While it is certainly true, as Walker claims, that this Court in *Savage* noted that the purpose of the ante-litem-notice requirement is to

9

October 15, 2009 letter to DOAS was not "mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services."[19] Further, there is no indication in the record that Walker complied with the requirement that a copy of the notice "be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim"[20]—here, the DOC. Thus, because Walker failed to strictly comply with the ante-litem-notice provisions of OCGA § 50-21-26 (a) (2), the trial court erred by denying the DOC's motion to dismiss the complaint for lack of subject-matter jurisdiction.[21]

---

"ensure that the state receives adequate notice of the claim to facilitate settlement before the filing of the lawsuit," we went on to explain, in the very next sentence, that the GTCA "requires strict compliance with the ante litem notice requirement" and that "substantial compliance is inadequate under the Act." *Savage*, 295 Ga. App. at 323 (3) (punctuation omitted); *see also Williams*, 272 Ga. at 625-26 (noting the need for compliance with the plain meaning of Georgia's ante-litem-notice provisions).

[19] *See* OCGA § 50-21-26 (a) (2).

[20] *See id.*

[21] *See Johnson v. E.A. Mann & Co.*, 273 Ga. App. 716, 722 (616 SE2d 98) (2005) (trial court erred in denying dismissal of complaint when plaintiff failed to strictly comply with ante-litem-notice requirements); *Dempsey*, 256 Ga. App. at 293-94 (trial court properly dismissed complaint for want of subject-matter jurisdiction

10

Accordingly, for all the foregoing reasons, we vacate the trial court's order denying the motion to dismiss and remand for the entry of an order dismissing Walker's complaint.[22]

*Judgment vacated and case remanded with direction. Ellington, C. J., and Phipps, P. J., concur.*

---

when letter, *inter alia*, was not sent by certified mail or personally delivered, and court rejected argument that proof of actual notice satisfied the purpose of the notice requirements); *see also Welch*, 276 Ga. App. at 665; *Shelnutt*, 272 Ga. App. at 110-11; *Baskin*, 272 Ga. App. at 358 (2).

[22] We need not address DOC's other enumerations of error as they relate to deficiencies in the ante-litem notice. *See Johnson*, 273 Ga. App. at 722.