**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 15, 2018**

# In the Court of Appeals of Georgia

A18A0096. DEPARTMENT OF TRANSPORTATION v. JONES.

RAY, Judge.

After Barrett Jones was injured in a single-car accident on State Route 42 in Monroe County on December 24, 2014, he sued the Georgia Department of Transportation ("GDOT"). He claimed, inter alia, that GDOT's improper maintenance of the roadway led to an accumulation of water which caused his truck to hydroplane into a tree, severely injuring him. GDOT moved to dismiss the suit for lack of subject matter jurisdiction and on sovereign immunity grounds, arguing that Barrett had failed to comply with the ante litem notice requirements of the Georgia Tort Claims Act ("GTCA"). The trial court denied the motion, and we granted GDOT's application for interlocutory appeal. Finding error, we reverse.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity." (Punctuation and footnote omitted.) *Driscoll v. Bd. of Regents of the Univ. Sys. of Ga.*, 326 Ga. App. 315, 316 (757 SE2d 138) (2014). Accord *Cowart v. Ga. Dept. of Human Svcs*., 340 Ga. App. 183, 183 (796 SE2d 903) (2017).

"The Legislature enacted the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., in order to balance strict application of the doctrine of sovereign immunity against the need for limited exposure of the State treasury to tort liability." (Citation omitted.) *Shelnutt v. Ga. Dept. of Transp*., 272 Ga. App. 109, 109 (611 SE2d 762) (2005). The GTCA provides a limited waiver of sovereign immunity in certain cases where a claimant complies with the GTCA's requirements. OCGA § 50-21-21 (a). These requirements include strict compliance with the ante litem notice provisions of OCGA § 50-21-26, which provide, in pertinent part, that

> (a) No person, firm, or corporation having a tort claim against the state under this article shall bring any action against the [S]tate upon such claim without first giving notice of the claim as follows: (1) Notice of a claim shall be given in writing within 12 months of the date the loss

2

was discovered or should have been discovered[.] . . . ; (2) Notice of a claim shall be given in writing and *shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services.* In addition, a copy shall be delivered personally to or mailed by first-class mail to the [S]tate government entity, the act or omissions of which are asserted as the basis of the claim. Each [S]tate government entity may designate an office or officer within that [S]tate government entity to whom a notice of claim is to be delivered or mailed; (3) *No action against the [S]tate under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the [S]tate as provided in this subsection*; (4) Any complaint filed pursuant to this article *must have a copy of the notice of claim presented to the Department of Administrative Services together with the certified mail or statutory overnight delivery receipt or receipt for other delivery attached as exhibits*. If failure to attach such exhibits to the complaint is not cured within 30 days after the [S]tate raises such issue by motion, then the complaint shall be dismissed without prejudice[.]

(Emphasis supplied.) "Strict compliance with the provisions of OCGA § 50-21-26 is required." (Citation omitted.) *Shelnutt*, supra at 110.

3

On appeal, GDOT argues that the trial court erred in denying its motion to dismiss because Jones did not establish that he delivered the ante litem notice in strict compliance with the statute, thereby mandating dismissal of the suit. We agree.

When Jones filed his complaint on October 24, 2016, he attached as an exhibit a September 1, 2015, letter from his counsel to addressed the *Risk Management Division of the Department of Administrative Services*, which he argues provided ante litem notice (hereinafter the "ante litem letter"). Typed across the top of the ante litem letter are the words "Certified Mail – Return Receipt Requested." Jones also attached a certified mail receipt, showing *payment for sending the ante litem letter* to the Risk Management Division. He additionally attached a copy of the certified mail return receipt "green card" that shows a document was delivered to a recipient. However, this green card was addressed to the *Commissioner of GDOT*, rather than to the Risk Management Division of DOAS. Jones did not present any certified mail return receipt showing that the ante litem letter actually was delivered to and received by the *Risk Management Division* of DOAS.[1]

---

[1] Jones contends that he could not do so because he "did not receive a Certified Mail 'green card' reflecting delivery to DOAS." See OCGA § 50-21-26 (a) (2), (4) (notice of claim shall be given in writing and sent by, inter alia, certified mail, return receipt requested, with receipt evidencing delivery to the Risk Management Division of DOAS attached to complaint).

4

GDOT moved to dismiss, arguing that Jones had failed strictly to comply with the provisions of OCGA § 50-21-26. Jones promptly filed an amended complaint, attaching as an exhibit a letter from the Risk Management Division of DOAS dated September 17, 2015, acknowledging receipt of "your correspondence advising us that you represent [Jones,]" and requesting additional information about Jones. Jones, citing the statute, argues that this letter "unequivocally confirmed receipt" of his ante litem notice, and that this letter meets the requirements of OCGA § 50-21-26 (a) (4), in that the statute provides that the notice of claim presented to the Risk Management Division of DOAS must be attached to the complaint "together with the certified mail *or* statutory overnight delivery receipt *or receipt for other delivery*[,]" and that the DOAS letter constitutes "receipt for other delivery." (Emphasis supplied.)

Jones also later submitted a USPS tracking document, which shows that something was sent by certified mail to DOAS and was "in transit." However, this tracking document does not indicate what was sent and the USPS tracking number does not appear on the ante litem notice letter. Nor does the tracking notice indicate that a return receipt was requested. At the hearing on the motion to dismiss, counsel for DOAS told the trial court that, "I don't have it in the record today; but I can tell

5

the [c]ourt, just from inquiry to DOAS, that the only notice they got was the notice that was sent to GDOT; and then GDOT forwarded it to DOAS."

Jones essentially argues that this is an admission in judicio showing that the letter was "personally delivered" in compliance with OCGA § 50-21-26 (a) (2)'s provision allowing for personal delivery. Unfortunately for Jones, this argument cannot succeed. Even were we to consider counsel's statement an admission in judicio, the statement would only establish delivery to DOAS, not to the Risk Management Division. Further, counsel's statement does not indicate how the letter was delivered. OCGA § 50-21-26 (a) (2) mandates delivery to, and a receipt from, "the *Risk Management Division* of the Department of Administrative Services." (Emphasis supplied.) Even were we to consider the Risk Management Division's September 17th, letter a "receipt" under the statute, Jones still has failed to meet his burden of showing compliance with the statute.

*Welch v. Ga. Dept. of Transp.*, 276 Ga. App. 664, 665 (624 SE2d 177) (2005) is directly on point. In *Welch*, this Court upheld the dismissal of plaintiff's complaint where the ante litem notice was delivered to the DOAS commissioner, rather than to DOAS's Risk Management Division. We found that subject matter jurisdiction was lacking, even though the ante litem notice eventually was "'delivered personally' by

6

an unknown DOAS employee from the Commissioner's office to the Risk Management Division, which subsequently sent the [plaintiffs] a receipt[.] . . . [This fact] did not obviate the requirement strictly to comply with the ante litem notice provisions of the Act." (Footnote omitted.) Id. Accord *Shelnutt*, supra at 110 (subject matter jurisdiction lacking where ante litem notice delivered to commissioner of DOAS rather than to Risk Management Division, even though notice eventually was received by Risk Management Division).

Jones argues, citing to *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822 (653 SE2d 729) (2007), for the proposition that "the rule of strict compliance does not demand a hyper-technical construction that would not measurably advance the purpose of GTCA's notice provisions. . . . In other words, we have declined to reach a needlessly harsh result when the result was not mandated by the GTCA." (Citations and punctuation omitted.) Id. at 824-825. However, *Cummings* is distinguishable in that it turned on a portion of the statute, OCGA § 50-21-26 (a) (5), which is inapplicable to the instant appeal, and which specifically contemplates that a plaintiff may have imperfect knowledge of which entity to serve, and where the plaintiff "complied with the statute in all other respects." *Cummings*, supra at 825-826. The instant case involves portions of the statute which brook no such allowances, and as

7

outlined above, Jones' compliance with those portions of the statute was defective in several ways. As *Welch* and *Shelnutt* make clear, the GTCA mandates that strict compliance in the instant case. Because Jones "did not strictly comply with the statutory provisions for sending ante litem notice, the trial court had no subject matter jurisdiction over the suit. OCGA § 50-21-26 (a) (3)." (Citation omitted.) *Shelnutt*, supra at 110. Therefore, GDOT's motion to dismiss should have been granted, and we reverse.

*Judgment reversed. Rickman, J., concurs. McFadden, P. J., dissents.*


**\* THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2.**

A18A0096. DEPARTMENT OF TRANSPORTATION v. JONES.

MCFADDEN, Presiding Judge, dissenting.

Because the appellee provided the anti-litem notice required by statute, I respectfully dissent. The question before us is whether a plaintiff, who sent the required anti-litem notice by certified mail, return-receipt requested, has any recourse when the post office delivers the notice to the addressee, but fails to deliver the completed green return-receipt card to the plaintiff.

The answer to that question turns on the line between strict compliance with and hyper-technical construction of the notice provisions in the Georgia Tort Claims Act ("GTCA"). As our Supreme Court has explained, "the rule of strict compliance does not demand a hyper-technical construction that would not measurably advance

the purpose of the GTCA's notice provisions." *Cummings v. Ga. Dept. of Juvenile Justice*, 282 Ga. 822, 824 (653 SE2d 729) (2007) (citations omitted).

Under the GTCA, OCGA § 50-21-26 requires anti-litem notice to "the Risk Management Division of the Department of Administrative Services" by, among other alternatives, "certified mail . . . return receipt requested," and requires that the complaint "must have a copy of . . . the certified mail . . . receipt attached as an exhibit." In this case, the appellee undertook to comply with this provision by sending the notice by certified mail, return receipt requested. But, according to the appellee, the post office did not send back the green return-receipt card reflecting delivery to the Risk Management Division.

So appellee attached other documents to the complaint and amended complaint as evidence that the ante litem notice was properly sent to and received by the Risk Management Division. As recounted by the majority, these documents included copies of: the ante litem notice from appellee's counsel and addressed to the Risk Management Division, Department of Administrative Services, bearing the phrase "Certified Mail-Return Receipt Requested;" a certified mail receipt, showing that appellee paid the post office for certified-mail delivery of that notice to the Risk Management Division; a green-card return receipt reflecting delivery of an additional

2

copy of the notice to the Commissioner of the Georgia Department of Transportation, as required by OCGA § 50-21-26 (a) (2); and a letter from the Risk Management Division acknowledging receipt of the ante litem notice.

We must require strict compliance with the anti-litem notice statute, but must not adopt a hyper-technical construction of it. *Cummings*, supra. We must enforce strict compliance in part because only the legislature has the constitutional authority to waive sovereign immunity. Id.

So that means that we are to enforce the requirements that are in the statute, but not add to those requirements. The question before us is one the legislature may not have contemplated and in any case did not choose to expressly address.

To the extent that our charge is to "look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy," OCGA § 1-3-1 (a), I suppose the General Assembly had the green return-receipt card in mind. But I doubt that the intent was to exclude substitute receipts where, as here, the plaintiff has fully complied with the statutory direction, but the postal service failed of its duty to send back the completed return-receipt card.

3

The phrase "return receipt requested" is arguably a term of art, referring to the green card. But that phrase is in the portion of the statute directing a plaintiff how to transmit a notice. OCGA § 50-21-26 (a) (2). The appelle complied with that.

The portion of the statute we are construing today deals with the documentation to be exhibited with the complaint: "the certified mail or statutory overnight delivery receipt or receipt for other delivery[.]" O.C.G.A. § 50-21-26 (a) (4). This broader language is harder to characterize as a term of art. It is true that "the" is the definite article, but that is not a compelling indication of the intended meeting. And "receipt" has been defined, by merriam-webster.com/dictionary/receipt, as "a writing acknowledging the receiving of goods or money."

The majority holds that we are constrained to reverse by *Welch v. Georgia Dept. of Transp.*, 276 Ga. App. 664, 664 (624 SE2d 177) (2005). But that case is not directly on point. It is true that, as here, the plaintiffs in that case pointed to correspondence "from the Risk Management Division of the DOAS, acknowledging receipt of the [plaintiffs'] ante litem notice letter." Id. But that fact was not dispositive. The plaintiffs' fatal error in *Welch* was that they "did not send their ante-litem notice to the Risk Management Division of DOAS, as the Act requires; instead, they sent it to the Commissioner of DOAS." Id. at 665. Here the appellee did send the

4

notice to the Risk Management Division, which acknowledged receipt of the notice in writing.

So I would affirm. The statute does not squarely address the situation where a green return-receipt card is unavailable, despite the plaintiff's compliance with the statute as to transmittal of the demand and despite the post office's timely delivery of it. The statute does not expressly prohibit alternative receipts. We should not add such a prohibition. We should "decline[] to reach a needlessly harsh result [of dismissal] when that result [is] not mandated by the GTCA." *Cummings*, supra at 825 (citations and punctuation omitted).