McFadden, Presiding Judge, dissenting.
Because the appellee provided the anti-litem notice required by statute, I respectfully dissent. The question before us is whether a plaintiff, who sent the required anti-litem notice by certified mail, return-receipt requested, has any recourse when the post office delivers the notice to the addressee, but fails to deliver the completed green return-receipt card to the plaintiff.
The answer to that question turns on the line between strict compliance with and hyper-technical construction of the notice provisions in the Georgia Tort Claims Act ("GTCA"). As our Supreme Court has explained, "the rule of strict compliance does not demand a hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions." Cummings v. Ga. Dept. of Juvenile Justice , 282 Ga. 822, 824, 653 S.E.2d 729 (2007) (citations omitted).
Under the GTCA, OCGA § 50-21-26 requires anti-litem notice to "the Risk Management Division of the Department of Administrative Services" by, among other alternatives, "certified mail ... return receipt requested," and requires that the complaint "must have a copy of ... the certified mail ... receipt attached as an exhibit." In this case, the appellee undertook to comply with this provision by sending the notice by certified mail, return receipt requested. But, according to the appellee, the post office did not send back the green return-receipt card reflecting delivery to the Risk Management Division.
So appellee attached other documents to the complaint and amended complaint as evidence that the ante litem notice was properly sent to and received by the Risk Management Division. As recounted by the majority, these documents included copies of: the ante litem notice from appellee's counsel and addressed to the Risk Management Division, Department of Administrative Services, bearing the phrase "Certified Mail-Return Receipt Requested;" a certified mail receipt, showing that appellee paid the post office for certified-mail delivery of that notice to the Risk Management Division; a green-card return receipt reflecting delivery of an additional copy of the notice to the Commissioner of the Georgia Department of Transportation, as required by OCGA § 50-21-26 (a) (2) ; and a letter from the Risk Management Division acknowledging receipt of the ante litem notice.
We must require strict compliance with the anti-litem notice statute, but must not adopt a hyper-technical construction of it. Cummings , supra. We must enforce strict compliance in part because only the legislature has *683 the constitutional authority to waive sovereign immunity. Id.
So that means that we are to enforce the requirements that are in the statute, but not add to those requirements. The question before us is one the legislature may not have contemplated and in any case did not choose to expressly address.
To the extent that our charge is to "look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy," OCGA § 1-3-1 (a), I suppose the General Assembly had the green return-receipt card in mind. But I doubt that the intent was to exclude substitute receipts where, as here, the plaintiff has fully complied with the statutory direction, but the postal service failed of its duty to send back the completed return-receipt card.
The phrase "return receipt requested" is arguably a term of art, referring to the green card. But that phrase is in the portion of the statute directing a plaintiff how to transmit a notice. OCGA § 50-21-26 (a) (2). The appellee complied with that.
The portion of the statute we are construing today deals with the documentation to be exhibited with the complaint: "the certified mail or statutory overnight delivery receipt or receipt for other delivery[.]" O.C.G.A. § 50-21-26 (a) (4). This broader language is harder to characterize as a term of art. It is true that "the" is the definite article, but that is not a compelling indication of the intended meeting. And "receipt" has been defined, by merriam-webster.com/dictionary/receipt, as "a writing acknowledging the receiving of goods or money."
The majority holds that we are constrained to reverse by Welch v. Georgia Dept. of Transp. , 276 Ga. App. 664, 664, 624 S.E.2d 177 (2005). But that case is not directly on point. It is true that, as here, the plaintiffs in that case pointed to correspondence "from the Risk Management Division of the DOAS, acknowledging receipt of the [plaintiffs'] ante litem notice letter." Id. But that fact was not dispositive. The plaintiffs' fatal error in Welch was that they "did not send their ante-litem notice to the Risk Management Division of DOAS, as the Act requires; instead, they sent it to the Commissioner of DOAS." Id. at 665, 624 S.E.2d 177. Here the appellee did send the notice to the Risk Management Division, which acknowledged receipt of the notice in writing.
So I would affirm. The statute does not squarely address the situation where a green return-receipt card is unavailable, despite the plaintiff's compliance with the statute as to transmittal of the demand and despite the post office's timely delivery of it. The statute does not expressly prohibit alternative receipts. We should not add such a prohibition. We should "decline[ ] to reach a needlessly harsh result [of dismissal] when that result [is] not mandated by the GTCA." Cummings , supra at 825, 653 S.E.2d 729 (citations and punctuation omitted).