## A89A0627. GALE v. HAYES MICROCOMPUTER PRODUCTS, INC.

(383 SE2d 590)

BIRDSONG, Judge.

Gale, a former employee of Hayes Microcomputer Products, Inc. (Hayes), appeals from the trial court's grant of Hayes' motion for summary judgment. She alleges that Hayes unlawfully breached her employment contract, committed fraud, and violated the Employee's Retirement Income Security Act, 29 USC § 1140 (ERISA). Appellant Gale's claims all arise from the termination of her employment by Hayes on November 22, 1985.

Gale began her employment with Hayes on April 9, 1984. At that time she was given a letter which advised that her salary was "$5.40 per hour or $216.00 per week," and the letter also referred to various employee benefit programs provided to Hayes' employees. The letter did not, however, establish a definite period of employment.

Gale was also given a Non-exempt Employee Handbook. The handbook discussed in detail the employee benefit programs outlined in the letter which Gale received. In particular, the handbook discussed Hayes' employment policies, the benefits available to employees, including short term and long term disability plans, disciplinary policies, and matters of general information for employees. In addition, the handbook specifically stated that it was not intended to be a binding contract and that it did not limit the employee's or Hayes' "right to terminate the employment relationship."

Following on-the-job injuries, the appellant missed work for extended periods. When she returned to work near the end of one of these periods in November 1985, she was told that her employment was terminated.

Gale originally sought recovery in tort for her injuries in addition to the various claims based upon her termination. In the course of this litigation, she also added an ERISA claim. Gale's tort claims were disposed of separately and are not part of this appeal. Both parties moved for summary judgment, and the trial court granted judgment to Hayes. This appeal followed. *Held*:

1. Gale alleges that her employment was terminated in violation of an employment contract and that Hayes also breached the contract by not continuing to pay her short term disability benefits after her termination. For her employment contract, Gale points to the April 9, 1984, letter and to the handbook. Under the facts established, Gale's relationship with Hayes was an employment at will. She had no right of continued employment and no cause of action was created when her employment was ended. OCGA § 34-7-1; *Anderberg v. Ga. Elec. Membership Corp.*, 175 Ga. App. 14, 15 (332 SE2d 326). Additionally, the employee handbook by its specific terms was not a contract and

did not limit Hayes' right to terminate Gale's employment. Further, even if the handbook were considered a contract, as it also was for no specific term, it would have been terminable at will. *Georgia Ports Auth. v. Rogers*, 173 Ga. App. 538 (327 SE2d 511).

Gale has no right to continued short-term disability benefits. She was entitled to receive what the terms of the short-term disability plan provided and the plan called for payments to "employees." As her status as an employee ended on her termination, she was not entitled to further payments. *Runyan v. Economics Lab.*, 147 Ga. App. 53, 55 (248 SE2d 44). The contrary result reached in *Georgia Ports Auth. v. Rogers*, supra, was based on the specific language of that plan. No jury question was presented on this issue. *Runyan v. Economics Lab.*, supra. Thus, Gale's allegations in regard to breach of contract are without merit.

2. Gale's allegations that she had a confidential relationship with Hayes is without basis in fact or law. Her relationship with Hayes was as an employee to employer, and was not one contemplated by OCGA § 23-2-58. Further, the facts here do not support the creation of a special relationship as found in *Capriulo v. Bankers Life Co.*, 178 Ga. App. 635 (344 SE2d 430). See *Cochran v. Murrah*, 235 Ga. 304 (219 SE2d 421). Gale has no right to recover on a claim of a special relationship. *Bulmer v. Southern Bell Tel. &c. Co.*, 170 Ga. App. 659 (317 SE2d 893). Gale also is not entitled to recover on the alleged fraud created by her termination purportedly in violation of a promise that she would not be terminated for nonchargable absences. *Jacobs v. Ga.-Pacific Corp.*, 172 Ga. App. 319, 320 (323 SE2d 238). There was no error in granting summary judgment to Hayes.

3. Hayes asserts for the first time on appeal that exclusive jurisdiction over ERISA retaliation claims is in the federal courts. Gale contends, however, that we should not consider this argument because it was not first made in the trial court. Of course, it is well settled that appellate courts generally will not consider allegations raised for the first time on appeal. See *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698); *Cooper v. State*, 173 Ga. App. 254, 256 (325 SE2d 877). Conversely, Rule 32 (d) of this court requires us to consider a lack of jurisdiction "whenever and however" the lack of jurisdiction may appear. See *Evans v. Davey*, 154 Ga. App. 269, 270 (267 SE2d 875). Indeed, " ' "[i]t is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." [Cit.]' " *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (1) (306 SE2d 22). Although typically such questions are concerned with a particular case, we find them equally applicable to jurisdiction of the subject matter of a class of cases.

Accordingly, we must first consider whether the exclusive juris-

diction over the subject matter of ERISA retaliation claims is vested in the federal courts for if this contention is accurate, the courts of this state, including this one, would have no jurisdiction. Lack of jurisdiction of the subject matter may not be waived by consent of the parties or otherwise. OCGA § 15-1-2; *Hopkins v. Hopkins*, 237 Ga. 845, 846 (229 SE2d 751). Gale's claim that she was fired in retaliation for exercise of an ERISA right is not within the jurisdiction of the courts of this state. Such claims are within the exclusive jurisdiction of the federal courts. 29 USC § 1144 (a); see *Kelly v. IBM Corp.*, 573 FSupp. 366, 370-371 (E.D. Pa. 1983), aff'd mem., 746 F2d 1467 (3d Cir. 1984); *Johnson v. Transworld Airlines*, 149 Cal. App.3d 518 (196 Cal. Rptr. 896, 900-902); *Witkowski v. St. Anne's Hosp.*, 113 Ill. App.3d 745 (447 NE2d 1016, 1019-1020). See also *Porter v. Buckeye Cellulose Corp.*, 189 Ga. App. 818 (377 SE2d 901) (physical precedent only). As lack of subject matter jurisdiction is not an appropriate matter for a grant of summary judgment, however, *C. W. Matthews &c. Co. v. Capital Ford Truck Sales*, 149 Ga. App. 354, 357 (254 SE2d 426); *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459), the claim must be remanded to the trial court with direction that this claim must be dismissed without prejudice for lack of jurisdiction.

4. Gale's enumeration of error that her motion for summary judgment was erroneously denied not having been supported in her brief by citation of authority or argument, it is deemed abandoned. Rule 15 (c) (2) of this Court.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 6, 1989 —
REHEARING DENIED JUNE 21, 1989 —

*Robert M. Goldberg*, for appellant.

*Powell, Goldstein, Frazer & Murphy, Cary Ichter, William A. Capp, Jerry B. Blackstock, Alston & Bird, W. Terence Walsh*, for appellee.