A89A1031. PETTUS v. DRS. PAYLAY, FRANK & BROWN, P.C.
(387 SE2d 613)

BIRDSONG, Judge.

Donna H. Pettus appeals from an order of the superior court granting summary judgment to Georgia Insurance Company, on grounds the claim was within the exclusive jurisdiction of the State Workers' Compensation Board and thus the court lacked jurisdiction over the subject matter of her claim. This appeal arises from a complaint filed against Pettus by Drs. Paylay, Frank & Brown, P.C. (Dr. Brown) to recover the amount she allegedly owed for medical services provided her. Pettus responded to the complaint and filed a third-party complaint against Georgia Insurance Company, her workers' compensation insurance carrier, which she asserted should have paid the bill. Her third-party complaint sought payment of the medical expenses and compensatory and punitive damages for "mental pain and anguish" she suffered allegedly because Georgia Insurance refused to pay the medical bill.

Georgia Insurance moved for summary judgment asserting that exclusive jurisdiction for Pettus' claim was vested in the State Workers' Compensation Board, and the trial court granted the motion. Pettus now asserts that her claim was not within the exclusive jurisdiction of the board because the workers' compensation system allegedly has no penalty provisions for failure to pay such claims and because Georgia Insurance did not controvert the bill. *Held*:

Pretermitting whether the trial court properly found it lacked

subject matter jurisdiction to consider Pettus' claims is the question whether we have jurisdiction to consider this appeal. " ' "It is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." [Cit.]' " *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (1) (306 SE2d 22).

Although the third-party defendant described its motion as one for summary judgment and the trial court's order appears to grant summary judgment, mere nomenclature is not controlling. *Jones v. Spindel*, 128 Ga. App. 88, 103 (196 SE2d 22). It is the substance and function of the motion which is determinative, not the name. *Holloway v. Frey*, 130 Ga. App. 224, 227 (202 SE2d 845). In this instance the third-party defendant's motion was a challenge to the subject matter jurisdiction of the trial court to consider Pettus' claims. Such a challenge does not go to the merits, but is a matter in abatement. *Taco Bell Corp. v. Calson Corp.*, 190 Ga. App. 481, 483 (379 SE2d 6). Matters in abatement are not properly the subject of motions for summary judgment. *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459). Further, a motion contesting the court's jurisdiction to consider the subject matter is not converted to a motion for summary judgment by the trial court's consideration of matters outside the pleadings. OCGA § 9-11-12 (b). Accordingly, the trial court's order was not a grant of summary judgment. Instead, it was properly a dismissal of Pettus' claim under OCGA § 9-11-41 (b) and (c). *Taco Bell Corp. v. Calson Corp.*, supra; *Porter v. Buckeye Cellulose Corp.*, 189 Ga. App. 818 (377 SE2d 901) (physical precedent only).

Consequently, as this appeal is not the appeal of a grant of summary judgment against Pettus, it cannot be based upon OCGA § 9-11-56 (h), and as we note that the record shows other claims are pending against all the parties in the trial court, the order appealed from is not an appealable final order within the meaning of OCGA § 5-6-34 (a) (1). Further, as there has been no compliance with OCGA § 9-11-54 (b) or § 5-6-34 (b), this appeal is premature and must be dismissed. *Patrick v. Glass*, 188 Ga. App. 737 (374 SE2d 229).

*Appeal dismissed. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 31, 1989.

*Sonja L. Salo*, for appellant.
*Levy & Adams, D. Merrill Adams, Daniel C. Kniffen*, for appel-

lee.

