A00A0191. STIVALI et al. v. AQUIPORT AYLESBURY, INC. et al.
(535 SE2d 551)

BARNES, Judge.

Alfred Stivali and his family sued the owners and management companies of Aylesbury Farms Apartments, alleging negligent dispossession, gross negligence, and intentional infliction of emotional distress. The defendants answered and moved for summary judgment, which the superior court granted. The court held that Stivali's case was preempted by federal bankruptcy law, because his cause of action was based on an alleged violation of a bankruptcy court order. For the reasons that follow, we vacate and remand to the trial court with direction that this claim be dismissed without prejudice for lack of subject matter jurisdiction.

While the trial court purported to grant the defendants' motion for summary judgment, we consider the substance and function of a motion rather than its name. *Pettus v. Drs. Paylay &c., P.C.*, 193 Ga. App. 335, 336 (387 SE2d 613) (1989). In this case the appellants' motion challenged the trial court's subject matter jurisdiction, which is a matter in abatement, and the trial court's order was not a grant of summary judgment, but a dismissal of Stivali's claim. Id.

The parties do not dispute the underlying facts in this case. Stivali failed to pay his rent on an apartment, and the management company in charge of the property filed a dispossessory action. The company obtained a writ of possession against him when he failed to answer. In response, Stivali filed a Chapter 7 bankruptcy action, which stayed the state court dispossessory case and writ. The management company moved in bankruptcy court to lift the stay, then entered into a consent order with Stivali, in which Stivali agreed to pay his past due rent within a certain time and keep up with his current rent.

Stivali failed to pay anything to the management company, which again moved to lift the bankruptcy stay. The bankruptcy court

granted the motion, issuing an order providing that "[t]he automatic stay is terminated as it applies to the Movant, Northstar Management Company Inc. d/b/a Aylesbury Farms. The movant is entitled to commence dispossessory proceedings against the Respondent according to applicable state law." Stivali's bankruptcy was then discharged a few weeks later.

The management company applied for and was granted another writ of possession in the existing state court dispossessory action and subsequently evicted Stivali. Stivali then sued in superior court, claiming that, instead of "commencing" a new action as the bankruptcy order contemplated, the management company improperly continued the existing action, giving him no opportunity to leave the premises and secure his belongings. All of his belongings, he alleged, along with those of his wife and son, were stolen when they were set out on the street pursuant to the writ of possession.

1. The trial court held that:

> [u]pon a review of the record, the Court finds that the underlying premise of the Plaintiff's suit is based upon the Defendants' alleged violations of the terms of two Orders entered on March 28, 1997, and May 29, 1997, by the Honorable Joyce Bihary, Judge of the United States Bankruptcy Court for the Northern District of Georgia. . . . In light of the authority under *Smith v. Mitchell Construction Co.*, 225 Ga. App. 383 [(481 SE2d 558)] (1997), cert. [dismissed, *Smith v. Mitchell Constr. Co.*, 226 Ga. App. 909 (1997)], the Court finds that the case at bar is preempted by federal bankruptcy law.

In *Smith v. Mitchell Constr. Co.*, supra, 225 Ga. App. at 385, we considered for the first time whether the Bankruptcy Code preempts state law claims for conduct violating a stay in bankruptcy. The Code provides: "An individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 USC § 362 (h).

Smith's creditor filed suit in DeKalb Superior Court and obtained a judgment against Smith, then served him with post-judgment discovery material. Smith filed a bankruptcy petition, but the creditor did not receive proper notice of the filing and successfully moved to have Smith held in contempt for discovery violations. Smith spent 29 hours in detention, and after his release, he moved the bankruptcy court for sanctions against the creditor for violating the automatic stay. The bankruptcy court granted the motion and sanctioned the creditor $5,000.

Smith then sued the creditor and its attorneys in Fulton County State Court, alleging false arrest, negligence, assault, and intentional infliction of emotional distress. The state court judge granted summary judgment to the defendants, announcing from the bench that the claims were barred by federal preemption. We affirmed that order, concluding that 11 USC § 362 (h) of the Bankruptcy Code preempted Smith's state law claims against his creditor and its lawyers for the actions they took in violation of Smith's bankruptcy stay.

> The need for uniformity in bankruptcy matters was recognized even by the framers of the Constitution, who granted Congress the power to "establish . . . uniform Laws on the subject of Bankruptcies throughout the United States" in Art. I, § 8, cl. 4. [Cit.] From this long-recognized need for uniformity; from the comprehensive structure of the current Bankruptcy Code; and from Congress' inclusion in that structure of § 362 (h), which provides a remedy for stay violations, we infer Congress' intent to effectuate two related principles: Creditors should be held to a uniform standard of conduct when dealing with bankruptcy debtors, and the bankruptcy courts are the only institutions capable of fashioning such a uniform standard.

*Smith*, supra, 225 Ga. App. at 386.

Thus, even if Stivali's claim that appellees violated the terms of the bankruptcy court's order lifting the stay were true, his causes of action based on that alleged conduct are preempted by 11 USC § 362 (h). *Smith*, supra, 225 Ga. App. at 386. Consequently, the claim must be remanded to the trial court with direction that this claim be dismissed without prejudice for lack of subject matter jurisdiction. *Gale v. Hayes Microcomputer Products*, 192 Ga. App. 30, 32 (3) (383 SE2d 590) (1989).

2. The remainder of Stivali's arguments are without merit.

*Judgment vacated and case remanded with direction. Johnson, C. J., Pope, P. J., Eldridge, Phipps and Mikell, JJ., concur. Blackburn, P. J., dissents.*

BLACKBURN, Presiding Judge, dissenting.

Because I believe that Alfred Stivali's case is not preempted by federal bankruptcy law and that the trial court should have considered the efficacy of his claims against Aquiport Aylesbury, Inc., I must respectfully dissent.

Stivali contends that the order lifting the stay required the defendants to abandon the existing dispossessory proceedings which had been stayed and initiate a new proceeding. Based on the mechan-

ics of a stay, this argument is totally without merit.

The bankruptcy court, having reviewed and considered Stivali's wilful disregard for his rental obligations, decided to abdicate its authority to limit Aquiport's remedies to federal law and explicitly granted Aquiport the right to pursue its state law claims and lifted the stay. Therefore, Stivali cannot argue that the defendants violated the automatic stay imposed in his bankruptcy proceedings, thereby implicating the preemptive provisions of 11 USC § 362 (h).[1] At the time of the wrong claimed by Stivali, the stay was no longer in existence. For this reason, this case is distinguishable from *Smith v. Mitchell Constr. Co.*, 225 Ga. App. 383 (481 SE2d 558) (1997). The bankruptcy court's order states: "The automatic stay is lifted as it applies to the Movant, Northstar Management Company Inc. d/b/a Aylesbury Farms. The Movant is entitled to commence dispossessory proceedings against the respondent[, Stivali,] according to applicable state law."

Black's Law Dictionary defines a stay as "[a] stopping; the act of arresting a judicial proceeding by the order of a court." A stay cannot, however, be equated to the *termination* of an action. A stay temporarily halts a certain action until the stay is lifted. A stay merely pauses an action during the existence of the stay. It does not eradicate it. Therefore, once the bankruptcy court lifted the stay on defendants' dispossessory proceeding, there was no longer any limitation on the action being prosecuted. Under plaintiffs' interpretation, the defendants would be required to file a duplicative dispossessory action in the same court in which its original action was already pending.

Therefore, because Aquiport did not violate the automatic stay and no rational construction of the bankruptcy court's explicit order supports Stivali's arguments, this case is not preempted by federal law pursuant to *Smith*, supra. Accordingly, I would remand this case for the trial court's determination of Stivali's claims in a manner consistent with this dissent.

DECIDED JUNE 9, 2000.

*Matthew D. Gansereit*, for appellants.

---

[1] The federal Bankruptcy Code provides: "An individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorney[ ] fees, and, in appropriate circumstances, may recover punitive damages." 11 USC § 362 (h). Therefore, in cases involving allegations that a defendant has wilfully violated an automatic stay imposed by the Bankruptcy Code, federal law preempts state law, and the plaintiff must seek recompense in bankruptcy court.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.,* for appellees.