**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 19, 2018**

# In the Court of Appeals of Georgia

A18A0461. FARMER v. GEORGIA DEPARTMENT OF CORRECTIONS.

DILLARD, Chief Judge.

Tammi Farmer appeals the trial court's dismissal of her negligence action against the Georgia Department of Corrections ("GDOC"), arguing that the court erred by (1) finding that her ante-litem notice failed to comply with the Georgia Tort Claims Act's ("GTCA") requirement that the notice provide the amount of the loss claimed and (2) considering documents outside the pleadings. For the reasons set forth *infra*, we affirm.

The record shows that Farmer filed a complaint for damages against the GDOC, alleging that on May 16, 2013, while in custody of the Women's Probation Detention Center in Claxton, Georgia and participating in a work-release program,

she slipped and fell in pallet-jack fluid that leaked on the floor in her work area, resulting in a torn meniscus and ACL in her right knee. Farmer's complaint also asserted that, prior to filing this negligence action, she complied with all of the GTCA's notice requirements. And in support, Farmer attached a letter dated September 27, 2013, addressed to the GDOC, which provided notice of her claim, as well as an accompanying receipt of delivery.

The GDOC answered Farmer's complaint, denying liability for negligence and asserting several affirmative defenses, including that she failed to strictly comply with the GTCA's notice requirements. Simultaneously with its answer, the GDOC also filed a motion to dismiss Farmer's complaint, arguing that the trial court lacked subject-matter jurisdiction because her ante-litem notice did not comply with the GTCA's requirements that she provide the amount of the loss claimed and identify the acts or omissions resulting in her alleged loss. In support of its motion, the GDOC attached a portion of Farmer's medical records evincing that she received medical treatment prior to the date of the ante-litem notice. On August 5, 2015, Farmer filed her response to the GDOC's motion, noting, *inter alia*, that on August 26, 2014, she submitted a settlement demand to the GDOC for $100,000, and she attached a copy of her settlement-demand package. Following further briefing by the parties and a

2

hearing on the matter, the trial court granted the GDOC's motion to dismiss the complaint, finding that Farmer failed to strictly comply with the GTCA's notice requirement that she provide a specific dollar amount of her alleged losses or a range of such losses in her ante-litem notice. This appeal follows.

We review *de novo* a trial court's ruling on a motion to dismiss based on sovereign-immunity grounds, "which is a matter of law."[1] Further, the trial court's factual findings will be sustained if "there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity."[2] With these guiding principles in mind, we turn now to Farmer's specific claims of error.

1. Farmer first argues that the trial court erred by dismissing her claim based on its finding that the ante-litem notice did not strictly comply with the notice requirements of the GTCA. We disagree.

The GTCA is a limited waiver of the State's sovereign immunity, crafted—as is constitutionally authorized—by our General Assembly, and "not subject to modification or abrogation by our courts, and requires a party with a potential tort

---

[1] *Dorn v. Ga. Dep't of Behavioral Health & Developmental Disabilities*, 329 Ga. App. 384, 385 (765 SE2d 385) (2014) (punctuation omitted).

[2] *Id.* (punctuation omitted).

3

claim against the State to provide [it] with notice of the claim prior to filing suit thereon."[3] Moreover, the ante-litem notice requirements serve the purpose of "ensuring that the State receives adequate notice of the claim to facilitate settlement before the filing of a lawsuit."[4] Importantly, a claimant must "strictly comply with the notice provisions as a prerequisite to filing suit under the GTCA, and substantial compliance is not sufficient."[5] To be sure, strict compliance does not demand a

---

[3] *Williams v. Wilcox State Prison*, 341 Ga. App. 290, 291 (1) (799 SE2d 811) (2017) (punctuation and footnote omitted); *accord Silva v. Ga. Dep't of Transp.*, 337 Ga. App. 116, 117 (2) (787 SE2d 247) (2016); *see generally Alden v. Maine*, 527 U.S. 706, 713 (I), 715 (I) (B) (119 SCt 2240, 144 LE2d 636) (1999) ("[A]s the [federal] Constitution's structure, and its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today. . . . The generation that designed and adopted our federal system considered immunity from private suits central to sovereign dignity. When the Constitution was ratified, it was well established in English law that the Crown could not be sued without consent in its own courts. . . . ").

[4] *Williams*, 341 Ga. App. at 291-92 (1) (punctuation omitted); *accord Dorn*, 329 Ga. App. at 385.

[5] *Williams*, 341 Ga. App. at 292 (1) (punctuation omitted); *accord Dorn*, 329 Ga. App. at 385; *see DeFloria v. Walker*, 317 Ga. App. 578, 580 (732 SE2d 121) (2012) ("[I]t is well established that strict compliance with the notice provisions is a prerequisite to filing suit under the [GTCA], and substantial compliance therewith is insufficient. Strict compliance is necessary because the [GTCA] represents a limited waiver of the state's sovereign immunity, crafted, as is constitutionally authorized, by our Legislature, and not subject to modification or abrogation by our courts." (punctuation and footnote omitted)).

4

"hyper-technical construction that would not measurably advance the purpose of the GTCA's notice provisions as reflected by the plain meaning of the relevant statutory text."[6] But even in cases that arguably reflect some degree of leniency, the plaintiffs "complied with the plain language of the ante-litem-notice requirements."[7] Indeed, in one such case, our Supreme Court explicitly reaffirmed that "the GTCA must be

---

[6] *Williams*, 341 Ga. App. at 292 (1) (punctuation omitted); *accord Dorn*, 329 Ga. App. at 385; *see Williams v. Ga. Dep't of Human Res.*, 272 Ga. 624, 625 (532 SE2d 401) (2000) (noting that, in construing the GTCA's "statutory [notice] provision, both this Court and the court of appeals have looked to the plain meaning of the statutory language"); *see also* Antonin Scalia & Bryan Garner, Reading Law: *The Interpretation Of Legal Texts* 69 (1st ed. 2012) ("The ordinary-meaning rule is the most fundamental semantic rule of interpretation.").

[7] *DeFloria*, 317 Ga. App. at 582; *see Cummings v. Ga. Dep't of Juvenile Justice*, 282 Ga. 822, 825-826 (653 SE2d 729) (2007) (plaintiff complied with statute when she named the agency she believed to be responsible at the time she served her initial notice); *Ga. Ports Auth v. Harris*, 274 Ga. 146, 150 (2) (549 SE2d 95) (2001) (holding that delivery by Federal Express satisfied the personal delivery requirement of OCGA § 50-21-26 and that receipt requirement was satisfied when plaintiff obtained a copy of the FedEx letter that was stamped as "received" by DOAS); *Norris v. Ga. Dep't of Transp.*, 268 Ga. 192, 193 (486 SE2d 826) (1997) (holding that plaintiff complied with plain language of the notice requirement when notice was mailed within statutory period even though it was not received until after). *Cf. Camp v. Coweta County*, 280 Ga. 199, 201 (1) (625 SE2d 759) (2006) (construing the service-of-process and notice requirements of OCGA § 50-21-35); s*ee generally Perdue v. Athens Tech. College*, 283 Ga. App. 404, 407 (641 SE2d 631) (2007) (discussing the Supreme Court of Georgia's holdings in *Norris* and *Camp* in the context that "[t]he strict compliance requirement does not . . . take precedence over the plain language or meaning of the statute").

strictly construed."[8] Suffice it to say, "substantial compliance is not strict compliance."[9] Strict compliance is "exactly what it sounds like: strict."[10] Thus, if the ante-litem notice requirements are not met, then the State does not waive sovereign immunity, and "the trial court lacks subject-matter jurisdiction over the case."[11]

As to those requirements, OCGA. § 50-21-26 (a) (5) provides that an ante-litem notice must

> state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the following: (A) [t]he name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) [t]he time of the transaction or occurrence out of which the loss arose; (C) [t]he place of the transaction or occurrence;

---

[8] *Harris*, 274 Ga. at 150 (2).

[9] *DeFloria*, 317 Ga. App. at 582; *accord Williams*, 341 Ga. App. at 292 (1); *see Cummings*, 282 Ga. at 824 (emphasizing that "strict compliance with the notice provisions is a prerequisite to filing suit under the GTCA, and substantial compliance therewith is insufficient").

[10] *DeFloria*, 317 Ga. App. at 582; *accord Williams*, 341 Ga. App. at 292 (1); *see* The Compact Oxford English Dictionary 1927 (2d ed. 1991) (defining "strict" as, *inter alia*, "exact, precise, not vague or loose").

[11] *Williams*, 341 Ga. App. at 292 (1) (punctuation omitted); *accord Bd. of Regents of Univ. Sys. of Ga. v. Myers*, 295 Ga. 843, 845 (764 SE2d 543) (2014); *Dorn*, 329 Ga. App. at 385; *see DeFloria*, 317 Ga. App. at 582-83 (noting this Court's previous warning that "the explicit ante litem notice provision is ignored only at peril to a plaintiff's cause of action and serves as a condition precedent for bringing suit under the Act").

(D) The nature of the loss suffered; (E) [t]he *amount of the loss claimed*; and (F) [t]he acts or omissions which caused the loss.[12]

Here, in granting the GDOC's motion to dismiss, the trial court found that Farmer's ante-litem notice failed to strictly comply with OCGA § 50-21-26 (a) (5) (E)'s requirement that it specify the amount of the loss claimed because it did not "provide a specific dollar amount [or] . . . a range of losses." The trial court's finding is supported by the record.[13]

As previously mentioned, Farmer's ante-litem notice, dated September 27, 2013, informed the GDOC that she suffered an injury on May 16, 2013, while participating in a work-release program. Specifically, the notice indicated that Farmer's injuries resulted from a slip and fall and required medical attention, as well as hospitalization. As to the amount of the loss claimed, the notice stated, "The damages amount has not yet been determined[;] however, [Farmer] will be seeking

---

[12] (Emphasis supplied).

[13] The GDOC also argues that Farmer's ante-litem notice was deficient for failing to identify the acts or omissions which caused her loss, as required by OCGA § 51-21-26 (a) (5) (F). While the GDOC raised this argument below, the trial court did not address it. Regardless, because we affirm the trial court's finding that Farmer failed to strictly comply with OCGA § 51-21-26 (a) (5) (E), we need not address whether her ante-litem notice also failed to comply with any of the statute's other requirements.

full payment of any and all damages to her person, physically[,] and mentally." The notice also advised that Farmer had already been treated for her injuries. Lastly, the notice informed the GDOC that Farmer planned to seek damages for any future disability resulting from her injuries.

Contrary to Farmer's contentions, her argument that the ante-litem notice strictly complied with OCGA § 50-21-26 (a) (5) (E)'s requirement that it include the amount of the loss claimed is foreclosed by the Supreme Court of Georgia's decision in *Board of Regents v. Myers*,[14] and other precedent materially indistinguishable from this case. In *Myers*, the plaintiff injured her left ankle when she stepped into a hole in the parking lot of a state college, and her ante-litem notice provided, in relevant part, that "the amount of [her] loss is yet to be determined as she is still incurring medical bills and does not yet know the full extent of her injury."[15] In evaluating the sufficiency of the plaintiff's ante-litem notice, our Supreme Court explained that OCGA § 50-21-26 (a) (5) (E) requires that "a claimant must state the amount of the loss claimed to the extent of the claimant's knowledge and belief and as may be

---

[14] 295 Ga. 843 (764 SE2d 543) (2014).

[15] *Id.* at 844.

8

practicable under the circumstances."[16] And ultimately, the *Myers* Court held that the plaintiff's notice "failed to strictly comply with that ante litem notice requirement because it did not state *any amount of loss whatsoever*."[17] In doing so, the Court noted that "the extent of [the plaintiff's] knowledge and belief at the time of notice included, at a minimum, the medical expenses she had incurred thus far."[18] Indeed, according to our Supreme Court, "a claimant is not relieved from giving some notice to the State even if her knowledge is incomplete or she must rely on her belief."[19]

Similarly to the plaintiff in *Myers*, Farmer's ante-litem notice did not provide *any* amount of the loss claimed or range of losses. Nevertheless, in an attempt to distinguish *Myers* and other similar cases, Farmer argues that, although her initial notice did not provide an amount of the loss claimed, she subsequently sent the GDOC a settlement-demand package, which contained the details regarding her

---

[16] *Id.* at 846 (punctuation omitted).

[17] *Id.* (emphasis supplied).

[18] *Id.*; *see Driscoll v. Bd. of Regents of Univ. Sys. of Ga.*, 326 Ga. App. 315, 317 (757 SE2d 138) (2014) (holding that plaintiff's ante-litem notice failed to comply with GTCA's requirement that it state the amount of the loss claimed when the notice "failed to state any amount of loss whatsoever").

[19] *Myers*, 295 Ga. at 846-47.

9

injuries, the amount of her medical expenses, and a settlement demand for $100,000. But Farmer concedes that her settlement-demand package was not sent until after expiration of the statutory 12-month period for providing an ante-litem notice.[20] And as with all of OCGA § 50-21-26 (a) (5)'s notice requirements, providing a timely ante-litem notice is a jurisdictional prerequisite to filing suit.[21]

---

[20] *See* OCGA 50-21-26 (a) (1) (providing that, under the GTCA, "notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered"). Here, Farmer alleged that her injury occurred on May 15, 2013, and she sent her ante-litem notice on September 27, 2013, well within the statutory 12-month period. But Farmer's settlement-demand package, which included the amount of the loss she suffered, was dated August, 26, 2014, over 15 months after she was injured. Thus, to the extent Farmer's settlement demand was intended to supplement or amend her original ante-litem notice, it was untimely and cannot be considered. *See Silva*, 337 Ga. App. at 119-20 (4) (explaining that any amendment to an ante-litem notice must be filed within the 12-month statutory deadline applicable to the original notice); *Perdue v. Athens Tech. Coll.*, 283 Ga. App. 404, 408 (641 SE2d 631) (2007) (holding that, although "nothing in the plain language of [OCGA] § 50-21-26 requires the ante-litem notice to be provided in one document," a supplemental letter providing the amount of the loss claimed, which was omitted from the original ante-litem notice, was not sent by certified mail and, therefore, did not strictly comply with the statute's requirements, precluding it from consideration).

[21] *See, e.g.*, *Clark v. Bd. of Regents of Univ. Sys. of Ga.*, 250 Ga. App. 448, 449 (552 SE2d 445) (2001) (holding that defendant state entity was entitled to summary judgment because plaintiff failed to file her ante-litem notice within the 12-month statutory period, which is a jurisdictional prerequisite to suit).

Farmer next argues that she strictly complied with the GTCA's notice requirements because OCGA § 50-21-26 (a) (5) (E) does not require a claimant to state the exact amount of the loss claimed when the amount of the loss is "ongoing and unknown or otherwise impractical to provide at the time the ante litem notice is provided to the State." But Farmer ignores that her ante-litem notice was not deficient because she failed to provide the *exact* amount of her total loss, but rather because it failed to state *any* amount or range of amounts at all. Indeed, the GTCA's ante-litem notice provisions "clearly contemplate the possibility that a claimant may have imperfect information regarding various facets of her claim at the time her notice is submitted."[22] As a result, the GTCA does not require that "a claimant give notice of the 'entire loss,' the 'complete loss,' or the 'total loss.'"[23] Instead, the statute's plain language merely "requires notice of the amount of the loss claimed at that time, within the belief and knowledge of the claimant, as may be practicable under the circumstances."[24] Nevertheless, Farmer is not relieved from "giving *some* notice to

---

[22] *Myers*, 295 Ga. at 846 (punctuation omitted).

[23] *Id.*

[24] *Id.* (emphasis supplied).

11

the State even if her knowledge is incomplete or she must rely on her belief."[25] For example, Farmer—in addition to providing the amount of the loss claimed, which would have included her medical expenses thus far—could have also stated that, based on her belief, "there would be some pain and suffering damages or lost wages in the future, the amounts of which she did not yet have knowledge and could not practicably provide at that time."[26] In fact, Farmer's notice did advise that she might suffer additional losses in the future.

Although Farmer's ante-litem notice indicated that, prior to the date of the notice, she had already received medical treatment for her injuries, she argues that it was not possible to provide the amount of her loss because she had not yet received any medical bills or other documents informing her of those losses.[27] Farmer also

---

[25] *Id.* at 846-47 (punctuation omitted) (emphasis supplied).

[26] *Id.* at 847.

[27] In the factual background section of her appellate brief, Farmer states, without citing to the record, that she did not receive any medical bills prior to sending her ante-litem notice because she had health insurance through her estranged husband's company, and the bills were sent to his address. But Farmer does not allege that she could not have obtained her medical bills directly from the hospital or that she had no means by which to estimate the amount of those bills based on her knowledge of the treatment she received. As discussed *supra*, our Supreme Court has held that, when a claimant has received medical treatment, he or she must provide at least some notice of the amount of her loss based on his or her knowledge and belief,

12

finds it significant that she continues to experience pain and is uncertain about "two very different directions [as to] her future medical treatment." But again, Farmer was not required to provide the exact amount included on her medical bills in the ante-litem notice. All that was required under the GTCA was for her to provide an estimated amount of those expenses based on her knowledge of the treatment she had received as of the time the ante-litem notice was sent.

Nevertheless, Farmer relies on several distinguishable cases that do not address OCGA § 50-21-26 (a) (5) (E)'s requirement that the claimant provide notice of the amount of the loss claimed and that, unlike *Myers*, involve situations in which the specific type of notice at issue was incomplete, inaccurate, or even sufficient, not

---

even if the amount is imprecise and even if he or she might suffer unknown future losses. *See Myers*, 295 Ga. at 846-47 (holding that when the claimant had incurred medical expenses, "the extent of her knowledge and belief at the time of notice included, at a minimum, the medical expenses she had incurred thus far"); *Ga. Dep't of Transp. v. King*, 341 Ga. App. 102, 106 (798 SE2d 492) (2017) (holding that the claimant failed to strictly comply with the GTCA's requirement to provide notice of the amount of the loss claimed when, *inter alia*, she was under ongoing medical care, and the ante-litem notice failed to provide any amount of the loss claimed). Accepting Farmer's excuse for her failure to provide at least *some* notice of the amount of her loss would not only conflict with our Supreme Court's holding in *Myers*, but would allow any litigant to circumvent OCGA § 50-21-26 (a) (5) (E)'s jurisdictional notice requirement simply by claiming not to have seen or have knowledge of his or her *own* medical bills. This is something we cannot abide.

13

entirely omitted.[28] But this is not a case where "the extent of the injuries was unknown, or the notice was merely imprecise, or the claimant made a good faith mistake."[29] Significantly, providing the notice required by OCGA § 50-21-26 (a) (5) (E) "does not bind a claimant to an amount of the loss claimed."[30] To the contrary, the function of the ante-litem notice is "not to 'bind' a plaintiff to a certain amount, but

---

[28] *See Cummings*, 282 Ga. at 824-25 (holding claimant's ante-litem notice satisfied the GTCA's requirement that it provide notice of the government agency responsible for the loss when claimant incorrectly identified the Department of Transportation, which claimant *believed* to be the responsible agency, rather than the Department of Juvenile Justice, which was actually the responsible agency, and noting that the GTCA requires a claimant to identify the agency *asserted* to be responsible, not the one actually responsible); *Harris*, 274 Ga. at 150 (2) (holding claimant's notice satisfied OCGA § 50-21-26 (a)'s personal-delivery requirement, even though the notice was delivered by Federal Express because, although the GTCA "specifies that delivery must be personal, it sets forth no limitations on the persons allowed to make the delivery"); *Bd. of Regents v. Canas*, 295 Ga. App. 505, 509-10 (2) (672 SE2d 471) (2009), *overruled on other grounds by Rivera v. Washington*, 298 Ga. 770 (784 SE2d 775) (2016) (holding claimant's ante-litem notice *complied* with the GTCA's requirement that he provide notice of his claim when he alleged a negligence claim generally without specifically referencing a failure-to-warn claim, and that the notice *complied* with the GTCA's requirement that he provide notice of the time of the occurrence when he identified a "continuous" period of treatment, rather than a specific date).

[29] *Driscoll*, 326 Ga. App. at 317 (footnotes omitted).

[30] *Myers*, 295 Ga. at 847; *see King*, 341 Ga. App. at 106 ("[T]he Supreme Court has made clear that the 'amount of loss claimed' in the ante litem notice does not bind the claimant. . . .").

14

to provide notice to the State of the magnitude of the claim, as practicable and to the extent of the claimant's knowledge and belief at the time of the notice."[31] And because Farmer provided no notice of the amount of her loss, she failed to strictly comply with GTCA's notice requirements, the State did not waive sovereign immunity, and the trial court lacked jurisdiction to adjudicate her claim.[32]

2. Farmer also argues that the trial court erred by considering documents outside the pleadings. This argument fails for several reasons.

---

[31] *Myers*, 295 Ga. at 847 (punctuation omitted); *see Dorn*, 329 Ga. App. at 386 ("[T]he GTCA "does not require that a claimant give notice of the 'entire loss,' the 'complete loss,' or the 'total loss.' But the plain language of the statute, as noted above, does require notice of the amount of the loss claimed at that time, within the belief and knowledge of the claimant, as may be practicable under the circumstances." (citation and punctuation omitted)).

[32] *See Myers*, 295 Ga. at 846-47 (holding that an ante-litem notice failed to strictly comply with OCGA § 50-21-26 (a) (5) (E) when "it did not state any amount of loss whatsoever"); *King*, 341 Ga. App. at 106 (holding claimant failed to strictly comply with the GTCA's requirement to provide notice of the amount of the loss claimed when, *inter alia*, she was under ongoing medical care, but the ante-litem notice failed to provide any amount of the loss claimed); *Silva*, 337 Ga. App. at 117-18 (2) (holding that the trial court correctly relied on *Myers* in dismissing a case based on claimant's failure to provide any notice of the loss claimed, despite the claimant's argument that, at the time she sent the ante-litem notice, she had no idea what future medical costs she might incur in the future); *Driscoll*, 326 Ga. App. at 318 (holding that an ante-litem notice failed to strictly comply with OCGA § 50-21-26 (a) (5) (E) when there was an "absence of *any statement* regarding the amount of loss").

15

First, Farmer does not cite to the record or to any applicable legal authority to support this cursory claim of error, and she fails to identify any specific document or other evidence that the court improperly considered. And as we have repeatedly emphasized, under the rules of this Court, "an appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules."[33]

Second, there is nothing in the trial court's one-page order granting the GDOC's motion to dismiss Farmer's complaint suggesting that the trial court *did* consider anything other than the complaint and the attached ante-litem notice, which it necessarily must review.

---

[33] *Gunn v. State*, 342 Ga. App. 615, 623-24 (804 SE2d 118) (2017) (punctuation and footnote omitted); *accord Brittain v. State*, 329 Ga. App. 689, 704 (4) (a) (766 SE2d 106) (2014); *see* Court of Appeals Rule 25 (a) (3) (providing that part three of appellant's brief "shall contain the argument and citation of authorities" and "a concise statement of the applicable standard of review with supporting authority for each issue presented in the brief"); *see also* Court of Appeals Rule 25 (c) (2) (providing that "[a]ny enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned"). While Farmer summarily states that she "vigorously objects" to the trial court considering "any documents or evidence outside of the pleadings," it is worth noting that in her first enumeration of error addressed in Division 1, *supra*, she heavily relies on consideration of a settlement-demand package that she filed outside of the pleadings.

16

Finally, Farmer is simply incorrect that the trial court was not permitted to consider the ante-litem notice or any other documents outside the record. Indeed, the lack of subject-matter jurisdiction, "such as failure to comply with the ante litem notice provisions of the GTCA, is a matter in abatement, not a motion designed to test the merits of the claim."[34] Thus, it is controlled by OCGA § 9-11-43 (b), "which provides that . . . when a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."[35] Here, the trial court was tasked with determining whether it had subject-matter jurisdiction over the case, and thus, it was permitted to consider documents or other evidence outside the pleadings.[36]

---

[34] *Harris*, 243 Ga. App. at 510 (1) (a).

[35] *Id.* (punctuation and emphasis omitted).

[36] *See id.* at 510-11 (1) (a) (holding that a trial court did not err in considering evidence outside the pleadings for the purpose of determining whether it had subject-matter jurisdiction over claim brought under the GTCA); *Pettus v. Drs. Paylay, Frank & Brown, P.C.*, 193 Ga. App. 335, 335 (387 SE2d 613) (1989) ("[A] motion contesting the court's jurisdiction to consider the subject matter is not converted to a motion for summary judgment by the trial court's consideration of matters outside the pleadings.").

17

For all these reasons, we affirm the trial court's dismissal of Farmer's complaint.

*Judgment affirmed. Doyle, P. J., and Mercier, J., concur*.