**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 11, 2025**

# In the Court of Appeals of Georgia

A25A0929. THE MAYOR AND ALDERMEN OF THE CITY OF
    SAVANNAH v. POPE.

DILLARD, Presiding Judge.

Tiffany Pope filed a lawsuit against the Mayor and Aldermen of the City of Savannah, alleging she suffered injuries when a City police officer negligently conducted a traffic stop of the motorcycle she was riding with her husband. The City moved for summary judgment, arguing Pope's ante-litem notice was insufficient because it did not include the specific amount of monetary damages she was seeking. Even so, the trial court denied the motion. In this interlocutory appeal, the City contends the trial court erred in (1) concluding a question of fact existed as to the sufficiency of the ante-litem notice, (2) concluding the sufficiency of this notice can be a jury question rather than a question of law, and (3) failing to conclude the notice

was insufficient as a matter of law. For the following reasons, we vacate the trial court's order denying summary judgment and remand the case for further proceedings consistent with this opinion.

Viewing the evidence in the light most favorable to Pope (*i.e.*, the nonmoving party),[1] the record shows that on October 27, 2018, Pope was riding with her husband on his motorcycle in Savannah. As the couple traveled along River Street, a Savannah-Chatham Metropolitan Police Department officer abruptly stopped his vehicle in front of their motorcycle to initiate a traffic stop. Attempting to avoid a collision with the patrol vehicle, Pope's husband veered sharply, causing the motorcycle to slide and topple sideways. This accident resulted in Pope suffering a serious injury to her ankle.

On April 17, 2019, Pope sent an ante-litem notice to the City, which provided, in relevant part:

> Amount of Loss Claimed: Ms. Pope has claims for medical expenses, past and future[,] as well as lost income, past and future, in the amount of $250,000.00 along with a claim for pain and suffering, mental and emotional suffering, and any other non-economic damages recoverable under all applicable laws in the amount of $250,000.00. Please be

---

[1] *See, e.g.*, *Trident Wholesale, Inc. v. Brown*, 370 Ga. App. 505, 506 (897 SE2d 610) (2024).

advised the client is still receiving medical treatment which may affect the amount of the claim for medical expenses and all other non-economic damages.

The City did not respond to this notice.

On August 30, 2019, Pope filed a personal-injury action against the two City police officers involved in the stop, as well as the City on a theory of vicarious liability. Discovery ensued, and both police officers were later dismissed from the lawsuit. Then, on June 4, 2021, the City moved for summary judgment, arguing that neither officer breached a duty of care or was the proximate cause of Pope's injuries. Pope responded, and on August 22, 2023, the trial court denied the City's motion.

A few days later, on August 25, 2023, the City filed a second motion for summary judgment, this time arguing that Pope's April 17, 2019 ante-litem notice was insufficient because it did not include a specific amount of monetary damages. Pope filed a response brief; and after the City filed a reply, the trial court held a hearing, during which the parties argued their respective positions. At the conclusion of the hearing, the trial court took the issue under advisement.

On October 25, 2024, the trial court issued an order denying the City's second motion for summary judgment. In doing so, the court briefly discussed the statutory

requirements for providing an ante-litem notice to a municipality and the specific language in the subject notice, before concluding the sufficiency of Pope's notice could be determined only by a jury. Even so, the trial court granted the City's request for a certificate of immediate review. We then granted the City's interlocutory application. This appeal follows.

1. In its second enumeration of error, the City maintains the trial court erred in concluding the sufficiency of the ante-litem notice was a question of fact for the jury, rather than a question of law it was required to resolve. We address this question first and agree the trial court erred in this regard.

Turning to the statute at issue, OCGA § 36-33-5 (a) mandates that "[n]o person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in this Code section." More precisely, OCGA § 36-33-5 (b) provides:

> Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the

4

negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

And particularly relevant to the issue before us, OCGA § 36-33-5 (e) explains:

The description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought from the municipal corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.

The *codified* purpose of the ante-litem-notice requirement is, of course, to "give the municipality the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation."[2] And requiring a claimant to provide specific information to the municipality about her "claim and alleged injuries allows the municipality to make an informed decision about whether to accept the 'offer of

---

[2] *City of Alpharetta v. Francis*, 366 Ga. App. 454, 456 (1) (883 SE2d 400) (2023) (punctuation omitted); *accord Wright v. City of Greensboro*, 350 Ga. App. 685, 689 (1) (830 SE2d 228) (2019); *see also City of Chamblee v. Maxwell*, 264 Ga. 635, 637 (452 SE2d 488) (1994) (noting that the codified purpose of OCGA § 36-33-5 is to "afford city officials the opportunity to take proper steps to abate a continuing nuisance or trespass before the effects thereof become great or far-reaching").

compromise,' make a counteroffer, or otherwise resolve the claim in order to avoid litigation."[3] Importantly, we have held that "[s]atisfaction of the notice requirement is a condition precedent to maintaining a lawsuit against a city, and failure to comply with the statute bars a right of action against a city."[4] Put another way, whether a party has complied with the ante-litem-notice requirements is a matter in *abatement*.[5] And although we have held a trial court may hear and determine a defense in abatement

---

[3] *Francis*, 366 Ga. App. at 456 (1) (punctuation omitted); *accord Wright*, 350 Ga. App. at 689-90 (1).

[4] *Francis*, 366 Ga. App. at 456 (1); *accord Manzaneres v. City of Brookhaven*, 352 Ga. App. 293, 299 (2) (834 SE2d 358) (2019); *see Maxwell*, 264 Ga. at 636 (holding that OCGA § 36-33-5 (b) "requires, as a condition precedent to bringing suit against a municipal corporation for damages resulting from injuries to person or property, that the claim shall have been presented to the municipal authorities within six months of the happening of the event upon which the claim is predicated" (punctuation omitted)).

[5] *See Farmer v. Dep't of Corr.*, 346 Ga. App. 387, 395 (2) (816 SE2d 376) (2018) (noting that the "lack of subject-matter jurisdiction, such as failure to comply with the ante litem notice provisions of the GTCA, is a matter in abatement, not a motion designed to test the merits of the claim.") (citation modified); *accord Ga. Ports Auth. v. Harris*, 243 Ga. App. 508, 510 (533 SE2d 404) (2000), *affirmed by* 274 Ga. 146 (549 SE2d 95) (2001); *see also Davis v. City of Forsyth*, 275 Ga. App. 747, 750-51 (3) (621 SE2d 495) (2005) (explaining that the issue of compliance with the requirements for an ante-litem notice under OCGA § 36-33-5 is a matter in abatement); BLACK'S LAW DICTIONARY 2 (7th ed. 1999) (defining "abatement" as "[t]he suspension or defeat of a pending action for a reason unrelated to the merits of the claim.").

before trial without submitting it to a jury, or defer such a hearing and determination until trial, "the determination remains one for the trial court, not the jury."[6] Indeed, our review of the relevant caselaw yielded no examples in which the sufficiency of an ante-litem notice under OCGA § 36-33-5 was deemed a jury issue.[7]

---

[6] *James v. Ga. Dep't of Pub. Safety*, 337 Ga. App. 864, 868 (2) (789 SE2d 236) (2016); *see Equity Trust Co. v. Jones*, 339 Ga. App. 11, 14 (792 SE2d 458) (2016) (explaining that matters in abatement under OCGA § 9-11-12 (b) such as a defense claim of improper venue must be determined by the trial court and not a jury). *Cf. Pinnacle Benning LLC v. Clark Realty Cap., LLC*, 314 Ga. App. 609, 617 (2) (a) (724 SE2d 894) (2012) (noting that "the trial court's dismissal of Pinnacle's action was actually due to a lack of subject-matter jurisdiction based upon Pinnacle's failure to meet a procedural prerequisite prior to filing suit"), *disapproved of on other grounds by Song v. eGPS Sols. I, Inc.*, 371 Ga. App. 357 (899 SE2d 530) (2024); *Stivali v. Aquiport Aylesbury, Inc.*, 244 Ga. App. 389, 389 (535 SE2d 551) (2000) ("While the trial court purported to grant the defendants' motion for summary judgment, we consider the substance and function of a motion rather than its name . . . [And] appellants' motion challenged the trial court's subject matter jurisdiction, which is a matter in abatement, and the trial court's order was not a grant of summary judgment, but a dismissal of [the] claim." (citation omitted)); *Welch v. Ga. Dep't of Trans.*, 276 Ga. App. 664, 665 (624 SE2d 177) (2005) (holding, in context of Georgia Tort Claims Act, that because the plaintiff "did not strictly comply with the statutory provisions for sending ante litem notice, the trial court had no subject matter jurisdiction over the suit" (punctuation omitted)); *Harris*, 243 Ga. App. at 510 (1) (a) (noting that the satisfaction of an ante-litem-notice provision of a statute is "a question of subject matter jurisdiction").

[7] *See, e.g.*, *Atlanta Taxicab Co. Owners Ass'n, Inc. v. City of Atlanta*, 281 Ga. 342, 352 (5) (638 SE2d 307) (2006) (remanding case for determination by trial court as to whether plaintiffs' ante-litem notice complied with OCGA § 36-33-5), *overruled in part on other grounds by Republican Nat'l Comm. v. Eternal Vigilance Action, Inc.*, ____ Ga.

Given the foregoing, the trial court erred in concluding there was "a clear factual dispute regarding the sufficiency of Plaintiff's ante litem notice such that it should be left for determination by a jury rather than via summary adjudication." Interestingly, just before concluding that genuine issues of material fact remained for a jury's consideration, the trial court noted that it could be "reasonably inferred that Plaintiff's ante litem notice failed to sufficiently convey a clear $500,000 demand, thus lacking a damages amount which could be accepted in compromise of her claims as contemplated by OCGA § 36-33-5 (e)." Still, the trial court stood by its determination that the issue needed to be resolved by a jury.

___ (917 SE2d 125) (2025); *Maxwell*, 264 Ga. at 638 (noting trial court properly granted summary judgment to city based on plaintiff's failure to comply with OCGA § 36-33-5); *Francis*, 366 Ga. App. at 457-58 (1) (holding trial court erred in denying city's motion to dismiss given plaintiff's failure to comply with OCGA § 36-33-5 (e)); *City of Norcross v. Johnson*, 363 Ga. App. 78, 80 (1) (870 SE2d 564) (2022) (same); *Hall v. City of Blakely*, 361 Ga. App. 135, 136 (863 SE2d 393) (2021) (affirming trial court order granting city's motion to dismiss based on plaintiff's ante-litem notice not complying with OCGA § 36-33-5); *Tanks v. Nesmith*, 359 Ga. App. 596, 597 (859 SE2d 559) (2021) (same); *Picklesimer v. City of Eatonton*, 356 Ga. App. 504, 506 (847 SE2d 863) (2020) (same); *City of Lafayette v. Chandler*, 354 Ga. App. 259, 262 (840 SE2d 638) (2020) (affirming trial court's denial of city's motion to dismiss because plaintiff's ante-litem notice complied with OCGA § 36-33-5); *Manzaneres*, 352 Ga. App. at 296-97 (1) (affirming the trial court's grant of city's motion dismiss given that plaintiff's first ante-litem notice did not comply with OCGA § 36-33-5 (e)); *Pickens v. City of Waco*, 352 Ga. App. 37, 41-44 (1) (833 SE2d 713) (2019) (same); *Wright*, 350 Ga. App. at 692 (1) (c) (same).

To be sure, the City could and should have challenged the sufficiency of Pope's ante-litem notice by moving to dismiss her suit from the get-go. But when the sufficiency of an anti-litem notice is challenged via a motion for summary judgment, we have held that "if the issue is raised for resolution in the trial court and it has not otherwise been waived by the defendant, the nomenclature of the pleading which raises that issue should not be a material consideration."[8] And significantly, even if a city official had "expressly waived the ante litem requirement, this waiver would have been ineffectual because governing officials cannot waive statutory ante litem notice requirements."[9] The trial court erred, then, in concluding the sufficiency of the ante-litem notice was a question for jury resolution, rather than a question of law that it was required to resolve.[10] As a result, we vacate the trial court's order denying the City's

---

[8] *Davis*, 275 Ga. App. at 751 (3) (punctuation omitted).

[9] *Johnson*, 363 Ga. App. at 81 (2) (punctuation omitted); *see City of Atlanta v. Burgos*, 361 Ga. App. 490, 493 (1) (864 SE2d 670) (2021) (noting that "governing officials cannot waive statutory ante litem notice requirements, either expressly or by conduct" (punctuation omitted)).

[10] *See Atlanta Taxicab Co. Owners Ass'n, Inc.*, 281 Ga. at 351-52 (5) (remanding case for trial court determination of whether plaintiffs complied with ante litem notice under OCGA § 36-33-5, as "consideration of the issue is best left in the first instance for the trial court" and "is not an appropriate issue to be addressed in the context of this appeal"); *see also supra* notes 5, 6 & accompanying text.

second motion for summary judgment, and we remand the case for the court to determine whether Pope's ante-litem notice sufficiently complied with OCGA § 36-33-5 (e).

2. In light of our holding in Division 1, we need not address the City's remaining enumerations of error.

*Judgment vacated and remanded. Mercier, J., and Senior Judge C. Andrew Fuller, concur.*